PASELLI *v.* UTLEY.

1. WORKMEN'S COMPENSATION — DEPARTMENT OF LABOR AND IN-
   DUSTRY—RULES.
   The department of labor and industry may make such reasonable
   rules as are necessary for carrying out the provisions of the
   workmen's compensation law (2 Comp. Laws 1929, § 8442).

2. SAME—RULES OF DEPARTMENT—STOPPING COMPENSATION—AFFI-
   DAVITS.
   Rule adopted by department of labor and industry, requiring
   that every petition to stop or reduce compensation on ground
   of complete or partial recovery from disability be accompanied
   by affidavit of some person acquainted with the facts and
   setting forth in detail the facts as to employee's physical con-
   dition and extent of his disability, *held,* a reasonable rule and
   binding upon department and litigants (2 Comp. Laws 1929,
   § 8442; Department of Labor and Industry Rule No. 17).

3. SAME—PETITION TO STOP—ACCOMPANYING AFFIDAVIT—HEARSAY.
   Affidavit of employee of workmen's compensation insurance car-
   rier, disclosing on its face that essential statements therein
   were hearsay and not showing it to have been made by some
   person acquainted with the facts as to employee's physical
   condition or extent of his disability, if any, *held,* not to comply
   with rule of department of labor and industry requiring that
   petition to stop compensation on ground of complete or par-
   tial recovery be accompanied by affidavit of some person
   acquainted with employee's physical condition and extent of
   disability, if any, hence, petition may not be entertained by
   department (2 Comp. Laws 1929, § 8442; Department of
   Labor and Industry, Rule No. 17).

Appeal from Department of Labor and Industry.
Submitted October 14, 1937. (Docket No. 14, Cal-
endar No. 39,538.) Decided December 14, 1937.

John Paselli presented his claim against J. A. Utley for compensation for personal injuries sustained in defendant's employ. On petition to stop compensation. From order stopping compensation, plaintiff appeals. Award vacated.

*Dann & Atlas* (*Carl Gussin*, of counsel), for plaintiff.

*Alexander, McCaslin & Cholette*, for defendant.

CHANDLER, J. Plaintiff, a common laborer, appeals in the nature of certiorari from an order of the department of labor and industry granting defendant's petition to stop compensation.

He sustained an injury on August 16, 1935, which consisted of a laceration of the cornea of his left eye. Under approved agreement, compensation was paid to October 28, 1935, at which time he returned to work and continued to be employed until the job was completed approximately six weeks later.

On November 6, 1935, a petition to stop compensation was filed which was assigned for hearing before a deputy commissioner who entered an award granting plaintiff compensation at the appropriate rate for the specific loss of an eye. 2 Comp. Laws 1929, § 8426. Upon review the department reversed the award of the deputy and granted defendant's petition to stop compensation. It is from this award that plaintiff appeals.

Under the provisions of the act (Act No. 10, Pub. Acts 1912 [1st Ex. Sess.], as amended), the department may make such reasonable rules as are necessary for carrying out the provisions thereof. 2 Comp. Laws 1929, § 8442. In pursuance of this authority, the department has adopted the following rule:

"Every petition to stop or reduce compensation on the ground that the employee has wholly or partially recovered from his disability shall be accompanied by an affidavit of some person acquainted with the facts, setting forth in detail the facts as to the employee's physical condition and the extent of his disability, if any." (Rule No. 17, Rules of Practice and Procedure, Department of Labor and Industry).

In the instant case, defendant's petition to stop compensation was accompanied by an affidavit, which read:

"Edgar M. Cathro, being duly sworn, deposes and says that he is the attorney for the defendants, J. A. Utley and American Mutual Liability Insurance Company and that he has been advised by the J. A. Utley Company that the plaintiff herein did resume his former duties as of October 29, 1935, at a wage equal to or greater than received at the time of the accident.

"Secondly, that compensation has been paid through October 28, 1935, and that the plaintiff herein stated that he did not wish to sign supplemental agreements.

"Further deponent sayeth not.

(Signed)   EDGAR M. CATHRO."

Plaintiff contends the foregoing affidavit is not in compliance with Rule No. 17, *supra,* and that, therefore, defendant's petition should have been dismissed.

The rule promulgated by the department must be held to be a reasonable requirement and, having adopted the same, the department, as well as litigants, should be bound thereby. If not accompanied by an affidavit that complies with the provisions of the rule, a petition to stop compensation should not be entertained.

In the case presented, the accompanying affidavit must be held to be fatally defective. It is made by one Edgar M. Cathro, an employee of the insurance carrier, and on its face discloses that the statements contained therein are in the most essential part hearsay for it recites that the deponent has been advised that plaintiff returned to work on a certain date, resuming his former duties at a wage at least equal to or greater than that received at the time of the injury. This statement is not claimed to be made upon information and belief but on the face thereof reveals it to be pure hearsay.

Neither does the affidavit in substance comply with and furnish the information sought to be obtained by the rule. Nor is any showing made as to why the rule could not have been complied with. The rule requires the affidavit to be made by some person acquainted with the facts and that it shall set forth the exact physical condition of the employee in detail, and the extent of his disability, if any. A hearsay statement of the nature contained in the present affidavit surely does not set forth the physical condition of the employee in detail. It is silent on this question. Neither does it convey any information as to the extent of the employee's disability, if any, other than that which arises by inference based upon a hearsay statement.

We hold that the affidavit does not comply with the rule and that the petition to stop compensation should not have been entertained by the department.

The award is vacated and defendant's petition is dismissed, with costs to plaintiff.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE, and POTTER, JJ., concurred.