SEPPI v. FORD MOTOR CO.

1. WORKMEN'S COMPENSATION—RESUMPTION OF EMPLOYMENT AT PREVIOUS WAGE—STOPPAGE OF COMPENSATION—AFFIDAVITS—PETITIONS—JURISDICTION OF DEPARTMENT.

Affidavit of employee's condition, attached to petition to stop compensation which asserted employee's condition had improved to the extent that he had resumed employment at his previous wage, *held*, adequate to confer jurisdiction upon department to order stoppage of compensation "on the ground that plaintiff is now employed at wages equal to those received at the time of the accident, and not on the basis of physical condition" (Rules of Practice and Procedure, No. 17, Department of Labor and Industry, Eff. September 1, 1935).

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—STATEMENT OF QUESTIONS INVOLVED.

Question as to whether employee was employed at time of hearing on petition to stop compensation because of resumption of employment at previous wage, not included in statement of questions involved, is not passed upon nor what effect would be of failure of defendant so to show determined.

Appeal from Department of Labor and Industry. Submitted April 13, 1938. (Docket No. 104, Calendar No. 39,935.) Decided June 6, 1938. Rehearing denied October 3, 1938.

George Seppi presented his claim against Ford Motor Company for compensation for personal injuries sustained while in defendant's employ. On petition to stop compensation. Petition granted. Plaintiff appeals. Affirmed.

*Dann & Atlas,* for plaintiff.

*E. C. Starkey* and *F. A. Nolan,* for defendant.

BUSHNELL, J. Plaintiff was granted leave to appeal from an order of the department of labor and industry, which affirmed the granting by one of its deputies of defendant's petition to stop compensation. In their opinion the commissioners of the department cited *Markey* v. *S. S. Peter & Paul's Parish,* 281 Mich. 292, as authority for the action taken and said:

"The commission will issue an order in the instant case providing that compensation shall stop, said order, however, containing a specific explanation and proviso to the effect that the stoppage is based not on the physical condition (concerning which the commission is without adequate information) but solely on the ground that the plaintiff is now employed at wages equal to those received at the time of the accident and that compensation may resume, under a petition for further, without a showing of change for the worse in the physical condition, if a right to a resumption of compensation is otherwise established."

The formal order entered by the department states that the petition to stop compensation was granted

"solely on the ground that the plaintiff is now employed at wages equal to those received at the time of the accident, and not on the basis of physical condition."

Plaintiff claims that the affidavit which accompanied defendant's petition was defective in that it lacked a statement, required by Rule No. 17 (Rules of Practice and Procedure, Department of Labor and Industry, Eff. September 1, 1935) of the commission, setting forth in detail plaintiff's physical condition. Plaintiff calls attention to the following allegation in defendant's petition:

"Your petitioner further represents that said employee has fully recovered and that his condition has improved since 9–29–36, as follows: to the extent that he has resumed employment."

Plaintiff argues that the petition was based in part on the proposition that plaintiff had recovered from his physical disability and that, therefore, the foregoing omission in the affidavit prevented the department from having jurisdiction, and its order was void.

We do not agree with this contention. Defendant's petition urges stoppage of compensation not only because of an asserted physical recovery by plaintiff, but also because of his claimed rehabilitation through resumption of employment at his previous wage. Rule No. 17 does not require mention in the affidavit of the employee's physical condition in order to confer jurisdiction upon the department to stop compensation upon this latter ground. The affidavit was adequate for this purpose, and the order of the department did not exceed the jurisdiction thus conferred.

Plaintiff relies on *Paselli* v. *Utley*, 282 Mich. 267, in support of his contention. The record in that

case shows that compensation was stopped by an order of the department because of the department's finding that the employee was not then physically disabled. The department's order was vacated on review because the affidavit accompanying the petition failed to state the physical condition of the employee, and, therefore, could not confer jurisdiction upon the department to stop compensation upon the ground stated in its order. See Rule No. 17, *supra.* The affidavit in the *Paselli Case* was also fatally defective in other respects. The *Paselli Case* must be read in connection with the *Markey Case, supra,* and the still more recent opinion on rehearing in *De-Troyer* v. *Ernst Kern Co.,* 282 Mich. 689, commented upon in *Roundtree* v. *Ford Motor Co.,* 283 Mich. 141.

Plaintiff argues in his reply brief that defendant failed to show that he (plaintiff) was employed at the time the deputy conducted the hearing on defendant's petition to stop compensation.

This question is not included in the statement of questions involved and we do not pass upon whether there was such a failure of proof, nor do we determine in this appeal what the consequences of such failure would be.

The order of the department in the instant case is in conformity to the principles enunciated in the foregoing cases; and it is not an adjudication of plaintiff's physical condition. It is affirmed, with costs to appellee.

WIEST, C. J., and BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.