COPE *v.* CITY OF ST. CLAIR

Eminent Domain—Court Rule—Costs—Circuit Court Clerk—Expert Witness Fees.

> Court rule which requires that costs sought in a condemnation action be petitioned from the circuit court clerk within 30 days after a judgment is entered does not apply to a petition for expert witness fees (GCR 1963, 526.10[2]).

Appeal from St. Clair, Stanley C. Schlee, J. Submitted Division 2 June 8, 1970, at Lansing. (Docket No. 6,221.) Decided December 3, 1970.

Complaint by Omer D. Cope and others against the City of St. Clair for just compensation in a condemnation action. Verdict entered determining just compensation. Petition by plaintiffs for taxable costs, attorney fees, expert witness fees, photographers fees and interest. Defendant's motion to dismiss petition granted. Plaintiffs appeal. Reversed and remanded.

*Leonard J. Simasko* and *Bruce L. Monks,* for plaintiffs.

*Charles W. Staiger,* City Attorney, for defendant.

Before: McGregor, P. J., and Bronson and Mahinske,* JJ.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

---

Reference for Points in Headnote
26 Am Jur 2d, Eminent Domain § 477.

PER CURIAM. In this condemnation action after a jury trial and verdict determining just compensation, an order confirming the verdict was entered on February 7, 1968. On May 8, 1968, the appellants' attorneys filed their petition for taxable costs, attorney fees, expert witness fees, photographers fees and interest. The City of St. Clair, appellee, made a motion to dismiss this petition on the ground that it was not timely filed as required by GCR 1963, 526.10(2) which was granted. From such dismissal, this appeal followed.

Appellants raise four issues only one of which merits attention but which requires that we reverse and remand. Whether GCR 1963, 526.10(2), which requires that costs sought be petitioned from the circuit court clerk within 30 days after a judgment is entered, applies to a petition for expert witness fees in a condemnation action?

Appellants contend that the taxing of costs for expert witness fees does not fall under the aforementioned court rule because that rule applies only to costs which are ministerial in nature and can be taxed easily by the clerk while the costs in the case at bar are to be taxed by the court. It is unreasonable, appellants assert, for the court clerk to be expected to pass on the question of the reasonableness of the expert witness fees in a condemnation action when that question has traditionally been a judicial one.

Authority directly on point one way or the other concerning this issue is scant. Appellee relies upon *DeCorte* v. *New York Central R. Co.* (1966), 377 Mich 317, in support of its position that the failure to timely submit the bill of costs resulted in a waiver of the right to receive those costs. *DeCorte* supports the general proposition that costs not filed within the 30 day period are waived, however, as

appellants suggest, the costs discussed in that case are of the kind which have been historically and statutorily taxed by the court clerk and this should not include the costs for expert witness fees.

The reasons for allowing costs of preparation to expert witnesses are well stated in *State Highway Commissioner* v. *Rowe* (1964), 372 Mich 341, and was applied by this Court in *Gundersen* v. *Bingham Farms* (1965), 1 Mich App 647. The latter case referred to *State Highway Commissioner* v. *Goodman* (1957), 349 Mich 311, wherein Justice BLACK refused to limit expert witness fees in a condemnation case to "ordinary witness fees". In so doing Justice BLACK noted that the taxation of ordinary witness fees is ministerial rather than judicial, subject to review by judicial authority, requiring no judicial determination of amount. The logical extension of such an argument would lead to the conclusion that the time limits of GCR, 526.10(2) apply only where costs are to be taxed by the clerk in the first instance, and since expert witness fees are for determination by the court, the time limits do not apply. This argument makes a good deal of sense also in light of the wording of the rules and the extra time that may be required by the party desiring expert witness fees to determine their amount. Whether it conflicts with the policy of the rule not to unduly extend the time for filing the bill of costs, is the countervailing consideration, but that cogitation should not prevail in this type of case.

Accordingly, this cause is reversed and remanded with instructions for the trial judge to determine what the reasonable costs for appellants' expert witness fees are.