HARRISON CHARTER TOWNSHIP v MACOMB COUNTY BOARD
OF COMMISSIONERS

Docket No. 69313. Submitted November 3, 1983, at Detroit.—Decided January 3, 1984. Leave to appeal applied for.

In 1982, the Charter Township of Harrison filed a petition for review with the Michigan Tax Tribunal, challenging the equalization report of the Macomb County Board of Commissioners. The tribunal (1) ordered that the township's appeal be denied and dismissed the cause, (2) ordered that the reappraisal of all real property in Harrison Township as updated by the Equalization Department be used as the starting base for the 1983 county equalization and (3) ordered that the Macomb County Board of Commissioners could file a bill of costs. Approximately six weeks later, the board filed a bill of costs which included attorney fees, the expense of appraisal and transcript expenses. The tribunal entered an order of costs ordering the township to remit $126,177 to the board. The township appeals, contending the award of costs was improper because the board's bill of costs was untimely filed under the Tax Tribunal rule which states that a party's failure to provide a bill of costs within ten days following a final decision of the tribunal constitutes waiver of any right thereto. *Held:*

1. The tribunal did not act improperly in suspending the ten-day filing deadline under the circumstances of this case. The suspension of the time limit was not only proper, but inevitable under the circumstances.

2. The Tax Tribunal rule at issue in this case is inapplicable to situations in which extra time is needed to determine the actual amount of a disputed bill of costs.

Affirmed.

TAXATION — TAX TRIBUNAL — TAXATION OF COSTS.

The ten-day time limit of the Michigan Tax Tribunal's rule pertaining to the taxing of costs is inapplicable to situations where extra time is needed to determine the actual amount of a disputed bill of costs (1979 AC, R 205.1462; MTTR 462).

REFERENCE FOR POINTS IN HEADNOTE
72 Am Jur 2d, State and Local Taxation § 831 *et seq.*

*Hill, Lewis, Adams, Goodrich & Tait* (by *C. Peter Theut* and *Timothy R. Sinclair*), for petitioner.

*George E. Brumbaugh, Jr.,* for respondent.

Before: BRONSON, P.J., and SHEPHERD and J. P. SWALLOW,* JJ.

PER CURIAM. Petitioner appeals as of right an order of the Michigan Tax Tribunal (MTT) imposing costs of $126,177 in connection with petitioner's request for a reappraisal of township property. On appeal, petitioner contends that the award of costs was improper because respondent's bill of costs was untimely filed under MTT Rule 462.[1] We find no error and affirm.

Petitioner emphasizes that respondent waited over 40 days to file a bill of costs following the tribunal's ruling dated October 22, 1982. According to petitioner, since MTT awarded costs anyway, MTT has failed to adhere to that portion of its Rule 462 which states that a party's failure to provide a bill of costs "within ten days following a final decision of the tribunal * * * constitutes waiver of any right thereto". Petitioner goes on to suggest that this is a case in which an administra-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] "Rule 462. (1) Costs shall be allowed only when provided for by the Tribunal in a final judgment or order. (2) When costs are allowed, the prevailing party shall file a Bill of Costs with the clerk within ten days following a final decision of the Tribunal and furnish a copy thereof to all other parties to the action. A party shall have ten days after the service of the bill of costs to protest it or any item thereon. A protest shall be filed with the Tribunal. If objections are filed, the Clerk may set the same for a hearing or present such objections as a motion before the Tribunal. *Failure to file the Bill of Costs within the ten day period constitutes a waiver of any right thereto.* (3) The Bill of Costs shall state each item claimed and the amount thereof separately and shall be verified by affidavit to the party or representative. The affidavit shall state that each item is correct and that the same was necessarily incurred." (Emphasis added.)

tive agency (MTT) has arbitrarily "failed to follow its own rules", analogous to *Paselli v Utley*, 282 Mich 267; 276 NW 444 (1937), and *DeBeaussaert v Shelby Twp*, 122 Mich App 128; 333 NW2d 22 (1982). We disagree.

In the cases cited by petitioner, there was neither a reasonable basis nor any practical necessity for the administrative agency's decision to suspend or sidestep its own rules. Under these circumstances, it is quite understandable that the Court in each case would view the agency's action as arbitrary and capricious in nature, *Paselli, supra; DeBeaussaert, supra.*

In the present case, strict compliance with MTT's ten-day time limit for filing the bill of costs was impracticable. The appraisal which respondent had agreed to have performed in order to defend against petitioner's appeal to MTT had not been completed at the time of MTT's final order dated October 22, 1982, and the final cost figures would not be available within the ten-day time limit. MTT member Roy L. Spencer specifically took note of this extenuating circumstance. In granting respondent an extension of time to file its bill of costs, member Spencer observed:

"However, it was clearly understood by the tribunal and all parties concerned that the reappraisal in question was not completed as of trial, and that respondent was to file its bill of costs after completion of the reappraisal and final billing to the respondent. Thus, the tribunal extended the normal ten-day filing period in this cause."

The record reveals that immediately upon receiving its final billing for the reappraisal in question, respondent (1) took its normal steps of approving the payment, and (2) filed the bill of costs

to be considered by MTT. There was no unjustifiable delay.

The foregoing circumstances do not suggest a case in which an administrative agency or tribunal has arbitrarily indulged one party's circumvention of rules to the detriment of his opponent. The suspension of the ten-day limit was not only proper, but inevitable under the circumstances. No demonstrable prejudice has resulted to petitioner from this delay; there has not even been a showing that petitioner was in any way inconvenienced or even surprised by the delay. If anything, the delay operated to petitioner's slight benefit, by allowing it to retain for an extra few weeks possession of a sizeable sum of cash during a period of relatively high interest rates. Accordingly, we find that petitioner has misplaced reliance upon *Paselli, supra,* and *DeBeaussaert, supra.* MTT has not acted improperly in suspending the ten-day filing deadline set forth in its Rule 462, under the circumstances of this particular case.

Respondent makes one additional point which merits comment. No reported case has interpreted Tax Tribunal Rule 462(2) or its provision for a ten-day filing period. However, for guidance this Court could reasonably turn to GCR 1963, 526.10(2), which addresses taxation of costs in circuit court proceedings. Like MTT Rule 462, this court rule requires a party to present a bill of costs within 30 days, and goes on to state that "failure to present a bill of costs within the time prescribed shall constitute a waiver of the right to such costs". The only difference between the court rule and MTT Rule 462 is the latter's reference to a ten-day filing period. In *Cope v City of St Clair,* 28 Mich App 380; 184 NW2d 464 (1970), a condemnation case involving appraisals similar to those involved here,

the Court considered the issue of whether the court rule's time limits applied to one party's bill of costs for certain expert witness fees. The Court found that the time limit could properly be extended under the circumstances:

"Appellants contend that the taxing of costs for expert witness fees does not fall under the aforementioned court rule because that rule applies only to costs which are ministerial in nature and can be taxed easily by the clerk while the costs in the case at bar are to be taxed by the court.

\* \* \*

"The logical extension of such an argument would lead to the conclusion that the time limits of GCR, 526.10(2) apply only where costs are to be taxed by the clerk in the first instance, and since expert witness fees are for determination by the court, the time limits do not apply. This argument makes a good deal of sense also in light of the wording of the rules *and the extra time that may be required by the party desiring expert witness fees to determine their amount.*" 28 Mich App 381-382. (Emphasis added.)

The Court in *Cope, supra,* remanded the matter to the trial court for a determination of reasonable costs for the appellant's expert witness fee. In the present case, respondent similarly requested reimbursement for expert appraisal fees incurred in defending an action. The circumstances are almost identical to those presented in *Cope, supra.* Here, as in *Cope, supra,* the governing rule, MTT 462, can be read to allow "extra time that may be required by the party desiring the expert witness fees to determine their amount". In other words, the ten-day time limit is inapplicable where, as here, extra time is needed to determine the actual bill of costs.

The foregoing discussion makes it apparent that

there are two ways to justify MTT's decision to suspend the ten-day filing requirement as set forth under its Rule 462. One way is to find that compliance with the rule was impracticable, and that MTT did not act capriciously in suspending its application under the circumstances. The other approach suggested by *Cope v City of St Clair, supra,* is to construe the rule as being inapplicable to situations in which extra time is needed to determine the actual amount of the disputed bill of costs. Using either approach, we have little difficulty in concluding that MTT acted properly in allowing respondent to file its bill of costs after ten days had elapsed, and that there was no error in its decision to impose costs despite the delay. Its order imposing costs is affirmed.

Affirmed.