GIANNETTI BROTHERS CONSTRUCTION COMPANY, INC v CITY
OF PONTIAC

Docket No. 82782. Submitted October 9, 1985, at Lansing. Decided
June 17, 1986. Leave to appeal applied for.

Plaintiff, Giannetti Brothers Construction Company, Inc., filed an
action against defendant, City of Pontiac, in the Oakland
Circuit Court, seeking damages for breach of contract. Both
parties rejected a mediation award of $350,000 in favor of
plaintiff, and the case proceeded to a bench trial. The trial
court found that plaintiff had no cause of action and entered a
judgment in favor of defendant, which included an award for
"costs and attorney fees as provided by law." Plaintiff appealed
to the Court of Appeals, which affirmed the judgment in an
unpublished per curiam opinion. Nineteen months after the
entry of the judgment and fifty-five days after the Court of
Appeals issued its opinion affirming the judgment, defendant
moved for approval of its bill of costs, totalling $101,340.04.
Defendant subsequently amended its bill of costs to $125,333.29.
The trial court, Robert C. Anderson, J., ruled that defendant
had not presented its bill of costs within thirty days of the
entry of the judgment as required by GCR 1963, 526.10(2) and,
therefore, had waived its right to actual costs under the court
rule on mediation, GCR 1963, 316. The trial court subsequently
denied defendant's motion for reconsideration and clarification.
Defendant appealed. *Held:*

1. GCR 1963, 526.10(2) does not govern the imposition of
actual costs including reasonable attorney fees, under GCR
1963, 316.8, after a mediation evaluation has been rejected. The
trial court therefore erred in ruling that defendants' bill of
costs was not timely filed.

2. Defendant filed its bill of costs within a reasonable time. It

REFERENCES

Am Jur 2d, Costs §§ 1-3, 72-94, 108.

Attorney's fees or other expenses of litigation as element in mea-
suring exemplary or punitive damages. 30 ALR3d 1443.

Dismissal of plaintiff's action as entitling defendant to recover
attorneys' fees or costs as "prevailing party" or "successful
party". 66 ALR3d 1087.

was reasonable for defendant to wait until the Court of Appeals had affirmed the trial court's decision before compiling its bill of costs.

3. The Revised Judicature Act expressly allows taxing of costs as authorized by court rule.

4. The court rule on mediation is procedural and does not represent substantive law lacking legislative approval.

Reversed and remanded for an award of defendant's actual costs.

1. COSTS — MEDIATION — ATTORNEY FEES — COURT RULES.

A party who prevails in a circuit court action which proceeded to trial after both parties rejected a mediation panel's evaluation may file a bill for actual costs including reasonable attorney fees within a reasonable time after such party prevails on appeal; the thirty-day time limit for filing a bill of costs taxable by the circuit court clerk does not apply to such party (GCR 1963, 316.8, 526.10[2]).

2. COSTS — REVISED JUDICATURE ACT — COURT RULES.

The Revised Judicature Act expressly allows the taxing of costs as provided by court rule (MCL 600.2405[2] and [6]; MSA 27A.2405[2] and [6]).

*Hyman, Gurwin, Nachman, Friedman & Winkelman* (by *Abba I. Friedman* and *Eric J. Flessland*), for plaintiff.

*Simon, Deitch, Tucker, Weisman, Friedman & Trogan* (by *Donald F. Tucker* and *Richard T. Urbis*), for defendant.

Before: J. H. GILLIS, P.J., and CYNAR and R. L. EVANS,* JJ.

PER CURIAM. Defendant, City of Pontiac, appeals as of right from the trial court's denial of its motion for actual costs, including attorney fees, and denial of its motion for reconsideration and clarification. We reverse and remand for a determination of costs and attorney fees.

* Recorder's court judge, sitting on the Court of Appeals by assignment.

I

The underlying action was commenced in 1977 and involved a complaint for contract nonperformance. The case was submitted to mediation on December 19, 1980. Both parties rejected the mediation award of $350,000 to plaintiff. Following a bench trial, the trial court found no cause of action for plaintiff, Giannetti Brothers Construction Company, Inc., and entered judgment in defendant's favor on October 13, 1982. The judgment also awarded defendant "costs and attorney fees as provided by law."

Plaintiff appealed to this Court on November 5, 1982. This Court affirmed in an unpublished per curiam opinion on April 5, 1984. Defendant then began what it has described as the "arduous task of gathering the substantial body of data necessary to support and substantiate" its request for actual costs, pursuant to GCR 1963, 316.7(b)(3).

On May 30, 1984, defendant moved for approval of its bill of costs, totaling $101,340.04, some nineteen months after the judgment and fifty-five days after this Court's opinion. Defendant amended its bill of costs on June 22, 1984, to request a total of $125,333.29. A controversy ensued. Plaintiff, insisting that defendant's motion was untimely, requested that the trial court bifurcate the proceeding into a hearing on the issue of defendant's entitlement to costs and an evidentiary hearing on the amount.

At arguments held on December 5, 1984, plaintiff urged that defendant had failed to follow the procedure for taxing costs specified in GCR 1963, 526.10(2). Specifically, defendant did not present its bill of costs within thirty days of the initial judgment as required by that rule. Plaintiff concluded that defendant had thereby waived any

right to mediation sanctions. The trial court, agreeing with plaintiff that thirty days is the time limit for presenting a bill of costs, denied defendant's motion to approve costs as being untimely.

Defendant moved on January 4, 1985, for reconsideration and clarification. Defendant requested that the trial court clarify whether it was referring to the nineteen-month interval between the initial judgment and defendant's motion for costs, or the fifty-five-day interval between this Court's opinion and defendant's motion, when it denied the motion as untimely. Defense counsel also asked if the court was referring to GCR 1963, 526.10(2). The court denied defendant's motion for reconsideration and clarification, ruling only that a thirty-day time period for filing a bill of costs was reasonable.

II

Defendant's first claim on appeal is that GCR 1963, 526.10 does not govern the imposition of actual costs after a mediation evaluation has been rejected. Plaintiff counters that the thirty-day time limit specified in GCR 1963, 526.10 applies where costs are imposed after a mediation evaluation has been rejected.

Resolution of this issue requires us to determine whether the time limit for imposition of actual costs awarded pursuant to GCR 1963, 316.8 ought to be governed by GCR 1963, 526.10(2). At the outset of our analysis, we review the pertinent statutes and court rules governing costs. Chapter 24 of the Revised Judicature Act (RJA) governs costs. MCL 600.2401; MSA 27A.2401 provides that the Supreme Court must promulgate rules to regulate the taxation of costs:

Except as otherwise provided by statute, the

supreme court shall by rule regulate the taxation of costs. When costs are allowed in any action or proceeding in the supreme court, the circuit court or the district court the items and amount thereof shall be governed by this chapter except as otherwise provided in this act.

MCL 600.2405; MSA 27A.2405 specifies the items taxable as costs, and provides in pertinent part:

The following items may be taxed and awarded as costs unless otherwise directed:

\* \* \*

(2) Matters specially made taxable elsewhere in the statutes or rules.

At the time of events pertinent to the present dispute, when both parties rejected a mediation evaluation, as here, actual costs were provided by GCR 1963, 316.7(b)(3):

(b) If any party rejects the panel's evaluation, the case proceeds to trial in the normal fashion.

\* \* \*

(3) If both parties reject the panel's evaluation and the amount of the verdict, when interest on the amount and assessable costs from the date of the filing of the complaint to the date of the mediation evaluation are added, is no more than 10 percent greater or less than the panel's evaluation, each party is responsible for his own costs from the mediation date. If the verdict is in an amount which, when interest on the amount and assessable costs from the date of filing of the complaint to the date of the mediation evaluation are added, is more than 10 percent greater than the panel's evaluation, the defendant must pay actual costs. If the verdict is in an amount which,

when interest and assessable costs from the date of filing the complaint to the date of the mediation evaluation are added, is more than 10 percent below the panel's evaluation, the plaintiff must pay actual costs.

Actual costs were defined in GCR 1963, 316.8:

Actual costs include those costs taxable in any civil action and a reasonable attorney fee as determined by the trial judge for services necessitated by the rejection of the panel's evaluation.

Here, the question is whether imposition of actual costs after both parties have rejected a mediation evaluation was governed by GCR 1963, 526.10, which provided:

(2) When costs are to be taxed by the clerk the party entitled to costs shall, within 30 days after the judgment is signed, or within 30 days after the entry of an order denying a motion for new trial or to set aside the judgment, present to the clerk a bill of costs certified or verified as required by subrule 526.11. The clerk shall, within 10 days thereafter, examine the bill and allow only those items which appear to be correct and shall strike out all charges for services which in his judgment were not necessary to be performed. Failure to present a bill of costs within the time prescribed shall constitute a waiver of the right to such costs.

This is an issue of first impression in Michigan. We hold that the thirty-day time limit found in GCR 1963, 526.10(2) should not be applied to actual costs awarded under the mediation rules.

Interpretations of the court rules governing costs are not always clear and are often seemingly

contradictory.[1] Defendant relies primarily on *Cope v St Clair,* 28 Mich App 380; 184 NW2d 464 (1970), a condemnation case. Plaintiffs moved for taxable costs, attorney fees, expert witness fees, photographer fees and interest, but defendant's motion to dismiss pursuant to GCR 1963, 526.10(2) was granted on the ground that it was not timely filed. The Court cited *DeCort v New York Central R Co,* 377 Mich 317; 140 NW2d 479 (1966), for the proposition that costs not filed within the thirty-day period are waived unless they are not the sort of costs which have historically and statutorily been taxed by the court clerk. Because expert witness fees require judicial determination of the amount, the *Cope* Court held that the time limits of GCR 1963, 526.10(2) do not apply. 28 Mich App 382.

In *Oscoda Chapter of PBB Action Committee, Inc v Dep't of Natural Resources,* 115 Mich App 356, 361-362; 320 NW2d 376 (1982), lv den 417 Mich 905 (1983), this Court again faced the claim that plaintiffs waived the right to apportionment of costs because their motion for such apportionment was not brought within the time limits of GCR 1963, 526.10(2). The Court, in harmony with *Cope v St Clair, supra,* noted that the subrule did not apply to costs which are not typically apportioned by the court clerk.

We think the reasoning employed by the *Cope* Court applies here. The thirty-day strictures of GCR 1963, 526.10(2) should not apply to actual

---

[1] Several of the cases relied upon by plaintiff provide little authority. In *DeCort v New York Central R Co,* 377 Mich 317; 140 NW2d 479 (1966), the question of late costs was reached only in a minority opinion. 377 Mich 332-333. *Bayley Products, Inc v American Plastic Products Co,* 30 Mich App 590; 186 NW2d 813 (1971), lv den 385 Mich 754 (1971), involved parties who had complied with GCR 1963, 526.10. Plaintiff also cites *North American Steel Corp v Siderius, Inc,* 75 Mich App 391, 406; 254 NW2d 899 (1977), which makes a brief reference to the filing of a bill of costs within thirty days of the opinion, but provides scant guidance here.

costs awarded under the mediation rules. Actual costs include reasonable attorney fees, GCR 1963, 316.8, which are not typically determined by a court clerk. Reasonable attorney fees, where authorized by statute or court rule, are determined by judicial application of the guidelines set forth in *Crawley v Schick*, 48 Mich App 728, 737; 211 NW2d 217 (1973). See *Petterman v Haverhill Farms*, 125 Mich App 30; 335 NW2d 710 (1983); *Johnston v Detroit Hoist & Crane Co*, 142 Mich App 597; 370 NW2d 1 (1985), and *Burke v Angies, Inc*, 143 Mich App 683; 373 NW2d 187 (1985), lv den 422 Mich 966 (1985), where the *Crawley* factors were applied in the context of GCR 1963, 316.8. While the thirty-day time limit is sensible in a situation involving simple calculation of statutory costs, actual costs involved in mediation differ from simple court costs because they involve calculation of a reasonable attorney fee.

In conclusion, we hold that, because the reasonable attorney fee portion of actual costs awarded under GCR 1963, 316.8 often requires judicial determination of the amount, the thirty-day time limit in GCR 1963, 526.10(2) does not apply. Plaintiff's assertion that defendant's failure to move for costs within thirty days of the judgment or within thirty days of this Court's disposition of the appeal has resulted in a waiver of defendant's claim to actual costs is therefore without merit.

III

Next, we consider whether defendant's attorney moved for costs within a reasonable period of time. Defendant argues that this Court had jurisdiction once plaintiff filed its claim of appeal so that the trial court could not have entertained its motion for costs while the appeal was pending. Plaintiff

submits that defendant took an unreasonable amount of time to submit its bill of costs, and urges that the thirty-day time limit prescribed in GCR 1963, 526.10(2) should be used as a guideline for setting a reasonable time limit. Plaintiff contends further that the time limit should run from the time of entry of judgment, as the circuit court had concurrent jurisdiction over the matter until the record was filed for appeal with this Court. We hold that fifty-five days from the time this Court issued its decision was not an unreasonably lengthy amount of time for defendant to wait to file its motion for costs.

This Court had jurisdiction over this case once plaintiff filed its claim of appeal and paid the entry fee. GCR 1963, 802.1. Such a timely appeal may prevent the operation of the thirty-day limit for submitting a bill of costs pursuant to GCR 1963, 526.10(2). The prevailing party is not required to submit his bill of costs before he knows whether an appeal will be taken. 3 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1984 Supplement, p 36. The thirty-day limit "provides reasonable time after expiration of the time allowed for appeal in which to file a bill of costs, without unduly extending the time for taxation of costs." *Id.* Dicta from *North American Steel Corp v Siderius, Inc,* 75 Mich App 391, 406; 254 NW2d 899 (1977), lv den 402 Mich 810 (1977), quoted by plaintiff, indicates this Court's approval of imposing the time limit for taxing costs after the appeal has been concluded. In *H & S Horse Vans, Inc v Carras,* 144 Mich App 712, 721; 376 NW2d 392 (1985), this Court indicated that costs are "rarely" taxed at the time judgment is entered, and may be taxed at a later date because the data needed to tax costs is not usually gathered until after the prevailing party has been determined, citing 3

Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 91. Given the above, we think it was reasonable for defendant to wait until this Court had affirmed the trial court's decision before compiling its bill of costs.[2]

We do not hold that a motion for costs awarded pursuant to GCR 1963, 316.8 can be made at any time. Such a motion should be brought within a reasonable time after the prevailing party has been determined. Under the circumstances, fifty-five days after this Court's resolution of the appeal is not an excessively long time, given the complexity of the trial and the sums of money involved.

IV

Plaintiff claims that the mediation rules are unconstitutional as applied to this case.[3] Plaintiff cites analogous federal cases and argues that the Supreme Court may not go beyond the RJA and allocate substantial attorney fees. We reject, as did the trial court, plaintiff's argument that application of GCR 1963, 316.7 and 316.8 to this action is unconstitutional.

At the outset, we note that the RJA expressly allows taxing of costs authorized by court rule. See MCL 600.2405(2) and (6); MSA 27A.2405(2) and (6). This in itself is sufficient legislative authorization for promulgation of GCR 1963, 316.7.

---

[2] We realize that defendant was not required to wait for this Court's decision before filing its bill of costs. In *Lincoln v Gupta*, 142 Mich App 615, 630-631; 370 NW2d 312 (1985), this Court held that the circuit court still has jurisdiction to award costs after a claim of appeal is filed, given that a judgment awarding costs is enforceable absent an order staying enforcement. Nonetheless, defendant was not required to seek costs prior to resolution of the appeal.

[3] Plaintiff apparently raised these claims in the trial court, which rejected them. An appellee who has not cross-appealed may urge in support of a judgment in his favor reasons rejected by the trial court. *Fass v Highland Park (On Rehearing)*, 321 Mich 156, 158; 32 NW2d 375 (1948).

This Court addressed many of plaintiff's arguments in *Maple Hill Apartment Co v Stine,* 131 Mich App 371, 375; 346 NW2d 555 (1984), vacated and remanded on other grounds 422 Mich 863 (1985). We recognzie that the Supreme Court vacated *Maple Hill, supra,* and remanded for reconsideration in light of former Oakland Circuit Court Rule 18.12, for the reason that GCR 1963, 316 did not take effect until after the mediation proceedings in that case had been concluded. Nevertheless, the logic of *Maple Hill* persuades us. There, this Court held that GCR 1963, 316.8 was procedural in nature and not an invalid promulgation of substantive law. 131 Mich App 375. See, also, discussion in partial concurrence by J. T. KALLMAN, J., 131 Mich App 381-383.

The mediation procedure is not a trial on the merits, as plaintiff suggests. Following a limited presentation by the parties, GCR 1963, 316.6(e) and (f), the mediators propose a resolution which the parties may adopt. If any party rejects the award, that party receives a trial on the merits. The right to trial is not foreclosed by potentially heavy mediation costs. Moreover, procedures are provided for removal from mediation upon the objection of a party. GCR 1963, 316.3. We are satisfied that the mediation rule is procedural and does not represent substantive law lacking legislative approval.

Finally, we reject plaintiff's claim that the mediation rules should not be applied with "wooden literalness" and that trial was not necessitated by plaintiff's rejection of the mediation award. Plaintiff further argues that not all of defendant's requested attorney fees were reasonable or necessitated by plaintiff's rejection. That issue should be dealt with by the trial court on remand when it

imposes costs and determines a reasonable attorney fee.

## V

In conclusion, we hold that GCR 1963, 526.10(2) should not apply to actual costs, which include a reasonable attorney fee, awarded under the mediation rules. Moreover, a party may wait to file its motion for actual costs until the prevailing party has been determined following appeal, and then should file the motion within a reasonable time. Here, fifty-five days after this Court's opinion was issued was not an unreasonable time to wait. Nor do we accept plaintiff's argument that the mediation rule is unconstitutional as an invalid promulgation of substantive law by the Supreme Court. We reverse the trial court's denial of defendant's motion for actual costs, and remand for an assessment of actual costs to which defendant is entitled under GCR 1963, 316.8.

Reversed and remanded.