*In re* ATTORNEY FEES AND COSTS
(SEPTER v TJARKSEN)

Docket No. 200874. Submitted September 8, 1998, at Grand Rapids. Decided February 2, 1999, at 9:35 A.M.

Michael Septer and Karen Groff, while represented by attorney Shawn Michael Gotch of the law firm Damon & Damon, brought an action in the Muskegon Circuit Court against Donald and Jane Tjarksen and Jerry J. and Susan Parmentier. Against the Tjarksens, the plaintiffs sought specific performance of an agreement under which the Tjarksens agreed to sell a house to the plaintiffs on several conditions, one of which was that the plaintiffs were to submit evidence of their creditworthiness. Against the Parmentiers, the plaintiffs alleged that the Parmentiers, by entering into a land contract for their purchase of the Tjarksens' house after the agreement between the plaintiffs and the Tjarksens, had tortiously interfered with the plaintiffs' contract with the Tjarksens. The court, Michael E. Kobza, J., following discovery that led to information that Septer had filed for bankruptcy, had a civil judgment against him, had federal and state tax liens against him, had liabilities that were not discharged in bankruptcy, had been convicted of mail fraud, and, as a physician, had disciplinary actions taken against him and had been restricted by the Drug Enforcement Agency from prescribing certain controlled substances, granted summary disposition for the defendants. The court also awarded the defendants costs and attorney fees pursuant to MCL 600.2591; MSA 27A.2591 to be paid jointly and severally by the plaintiffs, Gotch, and Damon & Damon. Gotch and Damon & Damon appealed by leave granted the award of costs and attorney fees. The defendants cross appealed the amount of attorney fees awarded.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in determining that the defendants' motion for costs and attorney fees pursuant to MCL 600.2591; MSA 27A.2591, which was filed seventy days after summary disposition was granted to the defendants, was filed within a reasonable time after the prevailing parties were determined so as to make the motion timely.

2. The trial court did not clearly err in finding that the plaintiffs' action was frivolous. At the time the action was filed, the appellants had no reasonable basis to believe that the plaintiffs were creditworthy, given what was then known about plaintiff Septer.

3. The trial court did not abuse its discretion in awarding defendants less than half the amount of attorney fees they requested. MCL 600.2591(2); MSA 27A.2591(2) requires an award of reasonable attorney fees, which may be less than the actual attorney fees charged. The trial court considered the factors set forth in *Crawley v Shick*, 48 Mich App 728 (1973), for determining reasonable attorney fees.

4. The trial court did not err in making the Damon & Damon law firm a responsible party for the award of costs and attorney fees to the defendants. MCL 600.2591(1); MSA 27A.2591(1) allows a trial court to assess costs and attorney fees against the nonprevailing party and its attorney. The law firm properly can be considered to have been the plaintiffs' attorney inasmuch as Gotch identified himself as part of the law firm in the pleadings, motions, and other papers he filed in this case and inasmuch as the law firm billed the plaintiffs for the work done on this case.

Affirmed.

1. MOTIONS AND ORDERS — COSTS AND ATTORNEY FEES — FRIVOLOUS ACTIONS — TIMELINESS OF MOTIONS — APPEAL.

A court deciding whether a motion for costs and attorney fees as sanctions for a frivolous civil action is timely filed must determine whether the motion was filed within a reasonable time after the prevailing party was determined; such a decision is discretionary and is reviewed on appeal for abuse of discretion (MCL 600.2591; MSA 27A.2591).

2. COSTS — FRIVOLOUS ACTIONS — REASONABLE ATTORNEY FEES — APPEAL.

Reasonable attorney fees may be awarded to a defendant who prevails in a civil action that is determined by the trial court to be frivolous; such an award of attorney fees is reviewed on appeal for abuse of discretion (MCL 600.2591[2]; MSA 27A.2591[2]).

3. COSTS — FRIVOLOUS ACTIONS — ATTORNEY FEES.

A court that finds a civil action to be frivolous may assess costs and reasonable attorney fees incurred by the prevailing defendant against the plaintiff and its attorney; the law firm of the plaintiff's attorney may be considered to be the plaintiff's attorney for purposes of such assessment where the pleadings, motions, and other papers filed by the attorney identify the attorney as part of the law firm and the law firm bills the client for the attorney's work (MCL 600.2591[1]; MSA 27A.2591[1]).

*Charles F. Justian,* for Shawn Michael Gotch and Damon & Damon.

*Warner Norcross & Judd LLP* (by *Paul T. Sorensen, Thomas H. Thornhill,* and *Daniel P. Ettinger*), for Donald Tjarksen and others.

Before: SMOLENSKI, P.J., and MCDONALD and SAAD, JJ.

MCDONALD, J. Appellants, the individual attorney representing plaintiffs in the underlying action and his law firm, appeal by leave granted the trial court's order awarding defendants attorney fees and costs pursuant to MCL 600.2591; MSA 27A.2591. The trial court ruled appellants and plaintiffs were jointly and severally liable to defendants for the attorney fees and costs.[1] We affirm.

This case arises out of an unconsummated real estate transaction. On January 23, 1995, plaintiffs Michael Septer and Karen Groff executed a buy/sell agreement with defendants Donald Tjarksen and Jane Tjarksen to purchase the Tjarksens' home under a sixty-month land contract for $239,000. Paragraph four of the agreement provided that "Buyer will provide Seller evidence of satisfactory credit worthiness, down payment and income verification within 10 days of acceptance."

Plaintiffs provided a credit report from Trans Union Credit to the Tjarksens. Among other things, the credit report indicated that plaintiff Septer had filed for bankruptcy, had a civil judgment against him in

---

[1] The trial court also held that appellants were entitled to reimbursement from plaintiffs for any amount paid to defendants in excess of fifty percent of the fees and costs awarded. Plaintiffs have not appealed the trial court's order.

the amount of $25,300, and had federal and state tax liens against him. Moreover, defendants' attorney, Paul Jackson, performed an independent investigation of plaintiffs' creditworthiness and discovered that plaintiff Septer, a physician, had liabilities of over $2 million that had not been discharged in the bankruptcy proceeding, had been convicted of mail fraud, had professional disciplinary actions against him, and had been restricted from prescribing certain controlled substances pursuant to an agreement with the Drug Enforcement Agency (DEA).

Jackson notified plaintiffs by letter on February 8, 1995, that defendants were terminating the buy/sell agreement because the credit report did not establish creditworthiness as required by the contract. The letter also indicated that plaintiffs would be given the option to purchase the property for cash instead of terminating the agreement.

At some point after the February 8 letter, the Tjarksens agreed to give plaintiffs until February 14, 1995, to obtain a mortgage and deliver a mortgage commitment letter. However, plaintiffs did not obtain financing by the February 14 deadline, and Jackson sent another letter to plaintiffs declaring the buy/sell agreement void.

The Tjarksens later executed a land contract with the Parmentier defendants on March 17, 1995. On February 8, 1995, the Parmentiers had offered to purchase the property for $245,000 under a three-year land contract. However, according to defendants, the Tjarksens conditioned acceptance of the Parmentiers' offer on plaintiffs' inability to meet the February 14, 1995, deadline to obtain a mortgage commitment.

In the meantime, plaintiffs had attended the previously scheduled closing on February 10, 1995. However, the Tjarksens did not attend the closing. Plaintiffs then attempted to arrange alternate financing, arguing they had until March 10, 1995, to obtain such financing under the buy/sell agreement.[2] Eventually, plaintiffs filed suit against the Tjarksens seeking specific performance of the buy/sell agreement and damages of $200 a day pursuant to the agreement. Plaintiffs later amended their complaint to add a claim against the Parmentiers for tortious interference with a contract.

The parties conducted extensive discovery, including the taking of fifteen depositions. Eventually defendants filed a motion for summary disposition, which the trial court granted on November 30, 1995. Plaintiffs did not appeal the trial court's grant of summary disposition.

Defendants filed their motion to recover costs and attorney fees on February 7, 1996. Although defendants sought costs and attorney fees under MCL 600.2591; MSA 27A.2591 and MCR 2.114(D) and (E), the trial court granted the motion pursuant to the statute alone. Moreover, defendants requested attorney fees of $32,619, but the trial court awarded only $15,000 in attorney fees. The trial court's order provided that plaintiffs and their counsel were jointly and severally liable to defendants for the attorney

---

[2] Plaintiffs relied on the following provision in the agreement:

CLOSING DATE: The Closing will be held within 10 days after all parties have been notified that all necessary documents have been prepared but not later than MAR[CH] 10, 1995, unless extended by other provisions of this contract.

fees and costs, and held that plaintiffs' counsel was entitled to reimbursement from plaintiffs for the amount paid to defendants in excess of fifty percent of the fees and costs awarded. The trial court later entered a supplemental order clarifying the earlier order, identifying plaintiffs' counsel as "Damon & Damon and Shawn M. Gotch."

This Court eventually granted leave to appeal to appellants in this case, attorney Gotch and his law firm, Damon & Damon.

Appellants first argue defendants did not timely file their motion for sanctions pursuant to MCL 600.2591; MSA 27A.2591. The trial court has the discretion to decide if a motion was timely filed and this Court reviews the trial court's decision for an abuse of discretion. *Maryland Casualty Co v Allen*, 221 Mich App 26, 31; 561 NW2d 103 (1997).

When costs are awarded pursuant to MCL 600.2591; MSA 27A.2591, the appropriate standard for determining whether the motion for costs is timely is whether the motion was filed within a reasonable time after the prevailing party was determined. *Avery v Demetropoulos*, 209 Mich App 500, 503; 531 NW2d 720 (1995), citing *Giannetti Bros Constr Co, Inc v Pontiac*, 152 Mich App 648; 394 NW2d 59 (1986). The prevailing party was determined in this case when the trial court granted defendants' motion for summary disposition and dismissed plaintiffs' action on November 30, 1995. Defendants filed their motion for costs and fees on February 7, 1996, seventy days later.

In *Giannetti*, this Court considered whether the defendant's attorney moved for costs under the medi-

ation rules[3] within a reasonable period. There, a bench trial was held and the trial court found no cause of action for the plaintiff. The judgment entered in the defendant's favor awarded costs to the defendant, but the defendant did not move for approval of its bill of costs until fifty-five days after this Court affirmed the trial court's judgment. *Id.* at 650. After concluding that the thirty-day time limit in GCR 1963, 526.10(2), which was similar to MCR 2.625(F), did not apply, this Court held that a motion for costs under the mediation rules must be brought within a reasonable time. *Giannetti, supra* at 657. This Court found that, under the circumstances of the case, considering "the complexity of the trial and the sums of money involved," it was not unreasonable for the defendant to move for costs fifty-five days after this Court's resolution of the appeal. *Id.*

Appellants argue this case is not comparable to *Giannetti* because this case was decided on a summary disposition motion and did not involve a complex trial. Therefore, appellants claim it was not reasonable for defendants to wait so long to file their motion for sanctions. However, under the circumstances of this case, we find the trial court did not abuse its discretion in allowing the motion to be brought at the time it was filed.[4] *Maryland Casualty Co, supra* at 31. We find no significant difference between the period this Court found reasonable in

---

[3] At the time, GCR 1963, 316.7(b)(3) provided that the plaintiff must pay actual costs when both parties rejected the mediation evaluation and the verdict was more than ten percent below the panel's evaluation. GCR 1963, 316.8 defined actual costs. *Gianetti, supra* at 652-653.

[4] While the trial court did not specifically address the argument that defendants' motion was untimely, it implicitly rejected the argument in granting defendants' motion.

*Giannetti* and the period in this case. However, we urge the Legislature to bring more clarity to this area of the law by amending MCL 600.2591; MSA 27A.2591 to include a time limit for filing motions for sanctions under the statute and to give trial courts the discretion to grant extensions when warranted by the circumstances of a particular case.

Next, appellants argue the trial court erroneously concluded plaintiffs' claims were frivolous within the meaning of MCL 600.2591; MSA 27A.2591. This Court will not disturb a trial court's finding that a claim was frivolous unless the finding is clearly erroneous. *Szymanski v Brown*, 221 Mich App 423, 436; 562 NW2d 212 (1997). A trial court's decision is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Schadewald v Brulé*, 225 Mich App 26, 41; 570 NW2d 788 (1997).

MCL 600.2591; MSA 27A.2591 provides, in relevant part:

> [I]f a court finds that a civil action . . . was frivolous, the court that conducts the civil action shall award to the prevailing party the costs and fees incurred by that party in connection with the civil action by assessing the costs and fees against the nonprevailing party and their attorney. [MCL 600.2591(1); MSA 27A.2591(1).]

An action is frivolous if one of the following conditions is met:

> (i) The party's primary purpose in initiating the action or asserting the defense was to harass, embarrass, or injure the prevailing party.
> (ii) The party had no reasonable basis to believe that the facts underlying that party's legal position were in fact true.

(iii) The party's legal position was devoid of arguable legal merit. [MCL 600.2591(3)(a); MSA 27A.2591(3)(a).]

To determine whether sanctions are appropriate under MCL 600.2591; MSA 27A.2591, it is necessary to evaluate plaintiffs' claim at the time the lawsuit was filed. *Louya v William Beaumont Hosp*, 190 Mich App 151, 162; 475 NW2d 434 (1991).

The trial court found there was no reasonable basis for appellants to believe that plaintiffs were creditworthy. We are not left with a definite and firm conviction that the trial court made a mistake in reaching that conclusion. The record reveals that at the time the lawsuit was filed, the following facts were in existence. The plaintiffs' credit report showed considerable debt and several write-offs, as well as a federal tax lien of $7,819, a civil judgment of $25,300, and a Chapter 7 bankruptcy filing. Moreover, as attorney Jackson's investigation revealed, a nondischargeability judgment was entered in the bankruptcy proceeding in May 1993, leaving plaintiff Septer with liabilities of over $2 million, plaintiff Septer had been convicted of mail fraud, had professional disciplinary actions against him, and had been restricted from prescribing certain controlled substances pursuant to an agreement with the DEA. Furthermore, plaintiffs had not been able to meet the February 14, 1995, deadline for obtaining a mortgage commitment or cash to pay the purchase price of the property. While attorney Gotch claims the two mortgage commitments plaintiffs presented on March 10, 1995, proved they were creditworthy, these commitments were of questionable value. First National Bank of Michigan committed to lend plaintiffs seventy percent of either the sale price or the appraisal, whichever amount was lower,

at an interest rate of 13.95 percent. Plaintiffs would have been required to pay approximately $70,000 in cash to make up the difference between the purchase price and the loan amount. Allstate Mortgage and Finance Corporation committed to lend plaintiffs $174,000 at an interest rate of approximately fourteen percent, provided that plaintiffs brought to the closing $65,000 in cash and verification that they had been discharged in the bankruptcy proceeding, which would have been impossible to provide considering the nondischargeability judgment entered in the bankruptcy proceeding. Plaintiffs obviously were aware of these facts, because they provided the credit report to the Tjarksens, plaintiff Septer had participated in the proceedings against him, and plaintiffs obtained the mortgage commitments after the February 14 deadline. Because nothing in the record suggests the contrary, we assume attorney Gotch was also aware of these facts within his clients' knowledge.

Appellants argue that when the complaint was filed, attorney Gotch had information that defendants had previously approved plaintiffs' credit on February 7, 1995. However, in support of their position appellants cite a document that was contained within the realtor's file. This document was apparently obtained during discovery, which obviously occurred after the lawsuit was filed; therefore, it is not relevant to our inquiry. Moreover, appellants argue that because defendants failed to respond to plaintiffs' request for admissions within the requisite period, they were deemed admitted, and this information further supported plaintiffs' case. According to appellants, the request for admissions was filed at the same time as the complaint. It was impossible for appellants to rely

on these admissions when the suit was filed because at that time they were not deemed admitted. These arguments are not persuasive.

In light of these circumstances, we find the trial court did not clearly err in concluding there was no reasonable basis for appellants to believe that plaintiffs were creditworthy. Sanctions were appropriate under MCL 600.2591(3)(a)(ii); MSA 27A.2591(3)(a)(ii).

The trial court also found that the suit was filed to "harass, injure, or embarrass" defendants, relying on a letter dated March 10, 1995, from attorney Gotch threatening to pursue a claim for specific performance and seek damages under the contract if defendants did not complete the sale to plaintiffs. We do not believe this letter alone is enough to show the suit was filed for an improper purpose. However, we need not decide whether the trial court clearly erred in so finding because we have already determined that sanctions were properly awarded under MCL 600.2591(3)(a)(ii); MSA 27A.2591(3)(a)(ii).[5]

Appellants next argue the trial court's award of $15,000 in attorney fees was excessive. In their cross appeal, defendants claim the award was insufficient because the trial court should have awarded them their actual attorney fees. We disagree with both contentions. We review an award of attorney fees for an abuse of discretion. *Wood v DAIIE*, 413 Mich 573, 588;

---

[5] Defendants claim the trial court also found that MCL 600.2591(3)(a)(iii); MSA 27A.2591(3)(a)(iii) was met. It is not clear from the trial court's opinion whether it relied on MCL 600.2591(3)(a)(iii); MSA 27A.2591(3)(a)(iii) in awarding sanctions. In any event, we need not determine whether the trial court clearly erred if it found MCL 600.2591(3)(a)(iii); MSA 27A.2591(3)(a)(iii) was met because we have determined that sanctions were properly awarded under MCL 600.2591(3)(a)(ii); MSA 27A.2591(3)(a)(ii).

321 NW2d 653 (1982); *B & B Investment Group v Gitler*, 229 Mich App 1, 15; 581 NW2d 17 (1998).

Contrary to defendants' claim, the trial court was not required to award them their actual attorney fees. Instead, the trial court's duty was to award defendants "reasonable attorney fees." MCL 600.2591(2); MSA 27A.2591(2). The trial court recognized the applicable factors for determining a reasonable attorney fee as set forth in *Crawley v Shick*, 48 Mich App 728, 737; 211 NW2d 217 (1973), and adopted by the Michigan Supreme Court in *Wood, supra* at 588. Although appellants suggest otherwise, the trial court was not required to detail its findings on each factor considered. *Id.*; *B & B Investment Group, supra* at 16.

The trial court found it was unreasonable for defendants' attorneys to "spend so much time and expertise" on this matter. Accordingly, the trial court stated it would not award defendants more than $125 an hour for the time spent on the case. The trial court also limited the fees to the amount incurred through the judgment. After applying the hourly rates to the amount of hours spent on the case, the trial court further reduced the amount of attorney fees by $6,691. The trial court awarded defendants less than half of the attorney fees they originally requested. We find no abuse of discretion.

Finally, appellants argue the trial court erred in issuing a supplemental order adding the law firm of Damon & Damon as an additional party responsible for the sanctions imposed. Appellants contend attorney Gotch should be held solely responsible for sanctions because he is the only attorney who signed the frivolous pleadings. Whether it is proper to assess costs and fees against the law firm as well as the indi-

vidual lawyer representing a party is an issue of first impression.

MCL 600.2591(1); MSA 27A.2591(1) requires that a court award costs and fees to the prevailing party when it finds that a civil action is frivolous and that it do so "by assessing the costs and fees against the nonprevailing party and their attorney." Accordingly, the issue is whether the law firm can be considered the nonprevailing party's attorney for purposes of awarding sanctions under MCL 600.2591; MSA 27A.2591. This is a question of law, which this Court reviews de novo. *Haworth, Inc v Wickes Mfg Co,* 210 Mich App 222, 227; 532 NW2d 903 (1995).

Both parties urge this Court to look to FR Civ P 11 to analyze this issue. However, we do not find these arguments persuasive.[6] FR Civ P 11 is similar to Michigan's MCR 2.114, which requires an attorney or party to sign pleadings, motions, and other papers filed with the court and provides for sanctions when attorneys or parties sign frivolous pleadings. However, the trial court did not award sanctions pursuant to MCR 2.114 in this case. Instead, the court awarded sanctions pursuant to MCL 600.2591; MSA 27A.2591.

When attorney Gotch filed the complaint in this case, he identified himself as:

---

[6] In any event, we note that appellants cite *Pavelic & Leflore v Marvel Entertainment Group,* 493 US 120; 110 S Ct 456; 107 L Ed 2d 438 (1989). In *Pavelic & Leflore,* at 125-127, the United States Supreme Court held that a law firm could not be held jointly liable for FR Civ P 11 sanctions against its lawyers. However, the 1993 amendments of FR Civ P 11 superseded the rule of *Pavelic & Leflore, supra. Schlaifer Nance & Co, Inc v Estate of Warhol,* 7 F Supp 2d 364, 373, n 10 (SD NY, 1998); *Levin & Associates, PA v Rogers,* 156 F3d 1135, 1140 (CA 11, 1998). FR Civ P 11 now expressly provides that "[a]bsent exceptional circumstances, a law firm shall be held jointly responsible for violations committed by its partners, associates, and employees." FR Civ P 11(c)(1)(A).

Shawn Michael Gotch (P44250)
Damon & Damon
Attorneys for Plaintiffs
220 Lyon St. N.W., Suite 525
Grand Rapids, MI 49503-2210
Ph. (616) 459-8357

Gotch signed the complaint as "DAMON & DAMON, Attorneys for Plaintiffs, by [signature] Shawn Michael Gotch (P44250)." The pleadings, motions, and other papers filed by Gotch in this case identify him as part of the Damon & Damon law firm. The correspondence attached to plaintiffs' attorney's brief is on letterhead that identifies Gotch as an attorney with the firm. Furthermore, Damon & Damon billed plaintiffs for the work completed on the case. For all these reasons, we believe Damon & Damon can be properly considered plaintiffs' attorney in this case.[7] The trial court properly assessed costs against Damon & Damon under MCL 600.2591; MSA 27A.2951.

Affirmed.

---

[7] We limit our decision to the facts presented in this case. We do not decide whether a different set of circumstances would warrant the same result.