LaVENE v WINNEBAGO INDUSTRIES

Docket No. 251933. Submitted May 10, 2005, at Detroit. Decided May 24, 2005, at 9:05 a.m.

Clare L. LaVene and Leanna M. LaVene brought an action in the Oakland Circuit Court against Winnebago Industries; Volkswagen of America, Inc.; Bill Cook Imported Cars, Inc.; and others, alleging claims related to a motor home, including liability under the Magnuson-Moss Warranty Act (MMWA), 15 USC 2301 *et seq.* The case was settled before trial and the defendants agreed to pay the plaintiffs' attorney fees and costs as allowed by statute and court rule, and to let the court decide any disagreement concerning the plaintiffs' attorney fees and costs. When the parties disagreed over costs, the court, John J. McDonald, J., awarded plaintiffs costs on the basis of 15 USC 2310(d)(2) of the MMWA, which award included items not taxable as costs under MCL 600.2405 of the Revised Judicature Act (RJA). Defendants Volkswagen and Bill Cook appealed the award of costs, claiming that the costs should be limited to those allowed by the RJA.

The Court of Appeals *held*:

1. The plaintiffs were prevailing parties for the purpose of an award of costs, MCR 2.625, even though there was a mutually agreed settlement before trial. MCR 2.625(B)(2) provides that if a single cause of action is alleged, the party who prevails on the entire record is deemed the prevailing party.

2. MCR 2.625 and the RJA do not necessarily apply in cases in which fees or costs are governed by more specific statutory provisions. The MMWA at 15 USC 2310(d)(2) provides for a judgment of costs equal to the aggregate amount of costs and expenses determined by the court to have been reasonably incurred by the plaintiff. This specific statute is unrestricted by the RJA. The structure for the recovery of costs under the cost-shifting provision of the MMWA, 15 USC 2310(d)(2), preempts the RJA cost-award structure and gives the trial court the authority to award costs that may not be taxable under the RJA. US Const, art VI, cl 2.

3. Appellate attorney fees are recoverable under the MMWA. 15 USC 2310(d)(2). Remand is required for a determination of an award of the plaintiffs' actual and reasonable appellate attorney fees.

Affirmed and remanded for further proceedings.

1. Costs — Settlements — Prevailing Parties.

Where there is a mutually agreed settlement in a single cause of action, the party who prevails on the record as a whole is deemed the prevailing party for the purpose of establishing an award of costs (MCR 2.625[B][2]).

2. Costs — Magnuson-Moss Warranty Act — Revised Judicature Act.

An award of costs in an action under the Magnuson-Moss Warranty Act may include items not taxable as costs under the Revised Judicature Act (US Const, art VI, cl 2; 15 USC 2310[d][2]; MCL 600.2405).

*Liblang & Associates, P.C.* (by *Dani K. Liblang*), for the LaVenes.

*Bowman and Brooke LLP* (by *Andrew S. Pride* and *Jenny L. Zavadil*) for Volkswagen of America, Inc.; and Bill Cook Imported Cars, Inc.

Before: Neff, P.J., and Owens and Fort Hood, JJ.

Per Curiam. Defendants Volkswagen of America, Inc.; and Bill Cook Imported Cars, Inc., appeal as of right an order of the trial court that awarded plaintiffs attorney fees and costs of $41,648.47 following the parties' settlement of plaintiffs' claim for breach of warranty.[1] We affirm, but remand to the trial court for a determination of an award of plaintiffs' appellate attorney fees.

---

[1] Defendants Winnebago Industries; General Trailer Mfg, Inc.; and General Trailer RV Center tendered payment of their share of the judgment and award of fees and costs and are not participating in this appeal.

## I. FACTS

Plaintiffs filed a breach of warranty and consumer protection action against defendants after the 2001 Winnebago Rialta motor home they purchased in September 2001 required repeated repairs and left plaintiffs stranded out-of-state for more than a month. Plaintiffs alleged several claims, including liability under the Magnuson-Moss Warranty Act (MMWA), 15 USC 2301 *et seq.*, and the Michigan Consumer Protection Act (MCPA), MCL 445.901 *et seq.*

On the eve of trial, the parties reached a settlement in which defendants agreed to repurchase the motor home and pay plaintiffs attorney fees and costs to which they were entitled by statute or court rule. The settlement provided that if the parties could not reach agreement on the amount of fees and costs, the trial court would decide the matter. When they could not resolve the issue of fees and costs, the parties submitted their dispute to the trial court for decision. Following an evidentiary hearing, the court awarded plaintiffs attorney fees of $37,016.52, deposition fees and costs, including out-of-state deposition costs, of $3,256.95, and witness fees totaling $1,375.

## II. ISSUE

At issue is whether the costs[2] awarded by the trial court were legally recoverable. Defendants do not dispute that, in their settlement with plaintiffs, they agreed to pay legally recoverable costs to be determined by the trial court. They argue, however, that the costs awarded by the trial court are not recoverable under Michigan law. Plaintiffs claim that the costs at issue are authorized by the MCPA and the MMWA, whose spe-

---

[2] Defendants did not challenge the award of attorney fees.

cific cost-shifting provisions take precedence over the applicable Revised Judicature Act (RJA) provisions for the taxation of costs.

The question then is whether the cost-shifting provision of the MMWA, 15 USC 2310(d)(2), authorized the award of costs regardless of whether they are taxable under the RJA. We hold that the trial court properly awarded costs pursuant to the MMWA.

### III. STANDARD OF REVIEW

This Court reviews an award of costs for an abuse of discretion. *Kernen v Homestead Dev Co*, 252 Mich App 689, 691; 653 NW2d 634 (2002). However, the power to tax costs is wholly statutory, and "costs are not recoverable where there is no statutory authority for awarding them." *Portelli v I R Constr Products Co, Inc*, 218 Mich App 591, 605; 554 NW2d 591 (1996). Accordingly, this issue entails a question of statutory interpretation, which is reviewed de novo on appeal. *Morrison v East Lansing*, 255 Mich App 505, 522; 660 NW2d 395 (2003).

### IV. TAXATION OF COSTS

As an initial matter, defendants argue generally that plaintiffs were not entitled to tax costs because they were not a "prevailing party" under MCR 2.625[3] given that there was no judgment against any defendant, but only a mutually agreed settlement. Contrary to defendants' suggestion, MCR 2.625(B), entitled "Rules for Determining Prevailing Party," is not limited to entry of a judgment. Rather, MCR 2.625(B)(2) provides that if a

---

[3] MCR 2.625(A)(1) provides that "[c]osts will be allowed to the prevailing party in an action, unless prohibited by statute or by these rules or unless the court directs otherwise, for reasons stated in writing and filed in the action."

single cause of action is alleged, "the party who prevails on the entire record is deemed the prevailing party." Moreover, MCR 2.625(H) recognizes that the issue of taxation of costs may be reserved in a settlement: "*Unless otherwise specified* a settlement is deemed to include the payment of any costs that might have been taxable." (Emphasis added.)

In any event, we find defendants' argument a moot point, if not disingenuous. In this case, the trial court entered a judgment in accordance with the parties' settlement, in which the parties agreed that defendants would pay "whatever costs [plaintiffs] may be entitled to." Counsel for defendants subsequently acknowledged on the record that defendants had consented to "[r]easonable attorney fees and recoverable costs." For these reasons, we find no merit in defendants' claim that plaintiffs are not entitled to costs because they are not a prevailing party.[4]

Defendants further argue that, even if plaintiffs are a "prevailing party," various costs awarded by the trial court are nonrecoverable costs under MCL 600.2405: deposition transcripts for David Courtad, Gus Pique, and Andrew Haag ($727.45) and related deposition fees ($4,822)[5]; expert witness fees ($563.52); copying, postage and delivery costs ($643.99); and Westlaw research ($30.96). Accordingly, defendant contends that the trial court was without statutory authority to award costs of $6,787.92.[6]

---

[4] Given these circumstances, we need not consider plaintiffs' argument that under the MMWA, the standard for determination of a "prevailing party" is whether plaintiffs obtained a substantial benefit from the litigation.

[5] These costs include $4,675 in fees for attorneys from Mississippi, Louisiana, and Traverse City, Michigan.

[6] The actual amount in controversy is apparently only one-half of these costs, $3,393.96, which is defendants' share of liability because defen-

Plaintiffs respond that the trial court properly awarded the costs pursuant to the MMWA and the MCPA. We agree with plaintiffs that the authority relied on by defendants pertains to ordinary civil matters and is inapplicable in this case because the costs and fees were awarded pursuant to remedial fee-shifting statutes.

A

In general, a prevailing party is entitled to recover certain costs of litigation pursuant to MCR 2.625. Items and prescribed fees that may generally be recovered as taxable costs and fees are set forth in the RJA at MCL 600.2401 *et seq.* and 600.2501 *et seq.* *J C Bldg Corp II v Parkhurst Homes, Inc,* 217 Mich App 421, 429; 552 NW2d 466 (1996). Pursuant to MCL 600.2401, "[w]hen costs are allowed in *any action or proceeding* in . . . the circuit court . . . the items and amount thereof shall be governed by this chapter except as otherwise provided in this act." (Emphasis added.) MCL 600.2405 more specifically provides:

> The following items may be taxed and awarded as costs unless otherwise directed:
>
> (1) Any of the fees of officers, witnesses, or other persons mentioned in this chapter or in chapter 25, unless a contrary intention is stated.
>
> (2) *Matters specifically made taxable elsewhere in the statutes or rules.*
>
> (3) The legal fees for any newspaper publication required by law.

dants Winnebago and General Trailer paid their one-half share of liability, including the award of fees and costs, following the settlement.

(4) The reasonable expense of printing any required brief and appendix in the supreme court, including any brief on motion for leave to appeal.

(5) The reasonable costs of any bond required by law, including any stay of proceeding or appeal bond.

(6) Any attorney fees authorized by statute or by court rule. [Emphasis added.]

Contrary to defendants' arguments, the general provisions of MCR 2.625 and the RJA do not necessarily apply in cases in which fees or costs are governed by more specific statutory provisions. See, e.g., *Peters v Gunnell, Inc,* 253 Mich App 211, 226, 655 NW2d 582 (2002); *Cope v City of St Clair,* 28 Mich App 380; 184 NW2d 464 (1970).[7] Various statutes incorporate specific provisions concerning the recovery of attorney fees or costs, which statutes may provide exceptions to the general rule. See, e.g., the Uniform Condemnation Procedures Act, MCL 213.66; the "lemon law," MCL 257.1407; and the Motor Vehicle Service and Repair Act, MCL 257.1336. These cost- or fee-shifting provisions are essential to legal redress in public interest or consumer cases in which the monetary value of the case is often meager. *Jordan v Transnational Motors, Inc,* 212 Mich App 94, 98; 537 NW2d 471 (1995).[8] As we explained in *Jordan*:

> In consumer protection as this, the monetary value of the case is typically low. If courts focus only on the dollar value and the result of the case when awarding attorney

---

[7] But see *Morrison, supra* at 522 (the Open Meetings Act provision for recovery of court costs and actual attorney fees, MCL 15.271(4), is limited by the MCL 600.2549 requirements for depositions).

[8] See also *FMB-First Michigan Bank v Bailey,* 232 Mich App 711, 724; 591 NW2d 676 (1998) (fee-shifting statutes such as 42 USC 1988 are governed by such specific considerations as enabling victims of civil rights violations to secure legal representation.)

fees, the remedial purposes of the statutes in question will be thwarted. Simply put, if attorney fee awards in these cases do not provide a reasonable return, it will be economically impossible for attorneys to represent their clients. Thus, practically speaking, the door to the courtroom will be closed to all but those with either potentially substantial damages, or those with sufficient economic resources to afford the litigation expenses involved. Such a situation would indeed be ironic: it is precisely those with ordinary consumer complaints and those who cannot afford their attorney fees for whom these remedial acts are intended. [*Id.* at 98-99.]

The cost-shifting provision of the MCPA, MCL 445.911(2), provides:

Except in a class action, a person who suffers loss as a result of a violation of this act may bring an action to recover actual damages or $250.00, whichever is greater, together with reasonable attorneys' fees.

Although the MCPA does not address costs, under the plain language of MCL 445.911, plaintiffs are entitled to recover reasonable attorney fees. *Smolen v Dahlmann Apartments, Ltd,* 186 Mich App 292, 295; 463 NW2d 261 (1990). The underlying purpose of this provision "is to afford an indigent client the opportunity to seek protection and obtain a judgment where otherwise precluded because of monetary constraints." *Id.* at 297. Accordingly, the recovery of attorney fees under the MCPA applies to services rendered in appellate proceedings. *Id.* at 297-298.

Further, the cost-shifting provision of the MMWA, 15 USC 2310(d)(2), provides:

If a consumer finally prevails in any action brought under paragraph (1) of this subsection, he may be allowed by the court to recover as part of the judgment a sum equal to the *aggregate amount of cost and expenses* (including attorneys' fees based on actual time expended) determined

by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action, unless the court in its discretion shall determine that such an award of attorneys' fees would be inappropriate. [Emphasis added.]

Plaintiffs argue that the language "aggregate amount of cost and expenses" authorized the trial court to award the full amount of legal costs and expenses, unrestricted by the RJA. At issue is whether this broad language overrides state restrictions on an award of costs when a state court entertains an action under the MMWA. This is a question of first impression in Michigan.

The Supremacy Clause of the United States Constitution, US Const, art VI, cl 2, provides that the laws of the United States "shall be the supreme Law of the Land; . . . any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." The Supremacy Clause " 'provides Congress with the power to pre-empt state law.' " *Duprey v Huron & Eastern R Co, Inc*, 237 Mich App 662, 665-666; 604 NW2d 702 (1999) (citation omitted). There is a strong presumption against preemption. *Id.* at 665; *Walker v Johnson & Johnson Vision Products, Inc*, 217 Mich App 705, 711; 552 NW2d 679 (1996). Preemption occurs only under certain conditions: (1) when a federal statute contains a clear preemption provision; (2) when there is outright or actual conflict between federal and state law; (3) where compliance with both federal and state law is in effect physically impossible; (4) where there is implicit in federal law a barrier to state regulation; (5) where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law; or (6) where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. *Duprey, supra* at 665.

In this case, not only has a conflict arisen between the state and federal law, but, moreover, state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. The MMWA cost-shifting provision authorizes the trial court to award plaintiffs the "aggregate amount of cost and expenses" incurred in litigating their claim, while the RJA authorizes the taxation of some costs, but not others. Accordingly, we conclude that 15 USC 2310(d)(2) preempts the RJA and authorizes the trial court to award costs that may not be taxable under the RJA.

Our conclusion is consistent with other case law holding that a prevailing plaintiff in an MMWA action may recover costs under 15 USC 2310(d)(2) that would not have been permissible under state law. In *Universal Motors, Inc v Waldcock*, 719 P2d 254, 260 (Alas, 1986), the Supreme Court of Alaska held that the trial court did not err in awarding the plaintiff expert witness fees in excess of the maximum amount of $25 an hour permitted by Alaska Administrative Rule 7(c), because the plaintiff sought recovery under the federal act, and not state law. The court noted that "15 USC 2310(d)(2) explicitly allows reasonable costs and expenses to be recovered by successful plaintiffs." *Universal Motors, supra* at 260.

In *Holmes v LG Marion Corp*, 258 Va 473, 481-482; 521 SE2d 528 (1999), the Virginia Supreme Court observed that the recovery of costs under the MMWA was broader than that under the Virginia Consumer Protection Act (VCPA) because the VCPA permitted recovery of "court costs" while the MMWA permitted recovery of "cost and expenses . . . ." Thus, "[c]osts and expenses recoverable under the [MMWA] could include recovery for trial-related expenses such as expert wit-

ness fees, which are not recoverable under the rubric of 'court costs' allowed by [Va Code Ann 59.1-204(B)]." *Id.* at 482. In *Holmes,* the plaintiff sought recovery of filing fees, service fees, subpoena fees, reasonable costs for depositions taken out-of-state, fees and costs to secure the services of two witnesses, attorney fees, costs, and expenses incurred for the services of his automotive expert and to conduct a deposition. The trial court awarded costs based on reasonableness, which the supreme court noted was the same limitation imposed on litigation expenses recoverable under the MMWA. The court concluded that because the expenses requested and recovered by the plaintiff encompassed the same type of expenses he could have recovered under the MMWA, any error in striking his claim under the MMWA was harmless. *Id.* at 482-483.

### V. CONCLUSION

We conclude that the cost-shifting provision of the MMWA, 15 USC 2310(d)(2), authorized the trial court to award plaintiffs costs that were not taxable under the RJA, including costs for depositions, expert witness fees, copying, postage, delivery, and Westlaw research. We find no error in the trial court's award of the costs sought by plaintiffs in this case.[9]

---

[9] Although we conclude that a state court awarding costs under the MMWA is authorized to award costs that otherwise are not taxable under the RJA, we recognize that neutral state procedural rules may remain applicable to those awards. *Howlett v Rose,* 496 US 356, 372; 110 S Ct 2430; 110 L Ed 332 (1990). The only conceivable argument that would implicate this rule is defendants' argument that the requirements for filing depositions, MCL 600.2549, were not met. However, the lower court docket sheet indicates that the three depositions at issue were filed with the clerk on July 9, 2003. Further, we agree with plaintiffs that the documents were necessarily used, given the repairs at issue and the circumstances of settlement.

## VI. APPELLATE ATTORNEY FEES

Plaintiffs seek recovery of their appellate attorney fees under the MMWA, 15 USC 2310(d)(2). This Court has held that such fees are allowable. *Leavitt v Monaco Coach Corp,* 241 Mich App 288, 312; 616 NW2d 175 (2000). Accordingly, we remand for a determination of an award of plaintiffs' actual and reasonable appellate attorney fees. *Id.*

Affirmed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.