*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

COPPERFIELD VILLAS ASSOCIATION,

        Plaintiff-Appellant,

UNPUBLISHED
June 23, 2022

v

No. 356494
Livingston Circuit Court
LC No. 18-030122-CH

BARRY TUER, JR., and ALLISON TUER,

        Defendants-Appellees.

Before: GLEICHER, C.J., and SAWYER and GARRETT, JJ.

PER CURIAM.

In this condominium bylaw enforcement action, the Copperfield Villas Association (CVA) alleged bylaw violations by Barry and Allison Tuer, owners of one of the association's condominiums. The parties reached a stipulated agreement settling the substantive claims but could not agree regarding the amount of attorney fees owed. The trial court determined that the association was entitled to $8,000 in attorney fees and costs. On appeal, the CVA challenges only the award of fees and costs. Because the trial court erred by limiting the association's award to attorney fees incurred before its first appeal, we reverse and remand for the trial court to determine the reasonable amount of attorney fees owed to the CVA for the entirety of the proceedings.

## I. BACKGROUND

This is the second time that this case has come before this Court. See *Copperfield Villas Ass'n v Tuer*, unpublished per curiam opinion of the Court of Appeals, issued May 21, 2020 (Docket No. 348518). In our previous decision, we described the allegations raised in the CVA's lawsuit:

> Barry and Allison Tuer own a home in the Copperfield Villas site condominium development. The Tuers completed construction and moved into their home in early 2014. The CVA alleges that the Tuers violated the association Bylaws on multiple occasions over the years by failing to weed and maintain the lawn, parking their vehicles on the lawn, placing stones or gravel and a wooden curb on a common area, and without prior approval constructing a fenced-in dog kennel, expanding their driveway, and installing a parking lot. [*Id*. at 1.]

-1-

During the initial trial court proceedings, the court granted summary disposition in favor of the Tuers and dismissed the CVA's complaint, concluding that the CVA had failed to obtain approval of a majority of the condominium co-owners before filing its bylaw enforcement lawsuit. *Id*. at 6-7. The CVA appealed, and we reversed and remanded for further proceedings, noting that on remand the CVA could request attorney fees and costs under the Bylaws. *Id*. at 7 n 3.

On remand, the parties reached a settlement agreement in which the Tuers agreed to cure most of the alleged bylaw violations, but the parties disputed the amount of attorney fees and costs that the Tuers should pay CVA. The trial court indicated that it would award $8,000, which represented the fees incurred only up to the time of the first appeal. The trial court reasoned that the association did not need to pursue the first appeal, and therefore the Tuers should not be required to pay any subsequent legal fees incurred by the CVA:

> [U]sing all this, what I believed in the attorney fee calculation was that the defendant did not have to pay attorney fees after the point which they agreed with defendant [sic] on some of those issues that they took forward. So once the defendant said I give [up] on these issues, *there was no reason they have to keep going on those issues up to the . . . higher court, and the defendant need not have been charged for the cost incurred on litigating those issues*.
>
>                                                \*   \*   \*
>
> [I]f the Court of Appeals looks at this, the real issue was . . . *from the point at which the defendant said you're right, I give [up], on these issues, there was no need to go forward on it*, so to those issues, I'm not going to award . . . attorney fees. [Emphasis added.]

The trial court's award was far below that sought by the CVA, which amounted to more than $20,000, because it did not include fees incurred during the first appeal or any proceedings afterwards. The CVA now appeals, arguing that the trial court erroneously prohibited it from recovering attorney fees incurred during all of the proceedings.

## II. STANDARD OF REVIEW

We review an award of attorney fees for an abuse of discretion. *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). An abuse of discretion occurs when the trial court's decision falls "outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). "Condominium bylaws are interpreted according to the rules governing the interpretation of a contract." *Tuscany Grove Ass'n v Peraino*, 311 Mich App 389, 393; 875 NW2d 234 (2015). Questions involving contract interpretation, as well as statutory interpretation, are reviewed de novo. *Id*. "De novo review means that we review the legal issue independently" and without deference to the trial court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

## III. ATTORNEY FEES AND COSTS

CVA argues that the trial court erred by ruling that it could recover attorney fees only for those proceedings that occurred before the first appeal.[1]

This case involves the proper interpretation of the Condominium Act, MCL 559.101 *et seq*., and the CVA's Bylaws. "When interpreting a statute, we must ascertain the Legislature's intent," which is accomplished "by giving the words selected by the Legislature their plain and ordinary meanings, and by enforcing the statute as written." *Griffin v Griffin*, 323 Mich App 110, 120; 916 NW2d 292 (2018) (quotation marks and citation omitted). If a statute is unambiguous, it must be applied as plainly written. *McQueer v Perfect Fence Co*, 502 Mich 276, 286; 971 NW2d 584 (2018). Similarly, the words of condominium bylaws "are interpreted according to their plain and ordinary meaning," giving effect to "every word, phrase, and clause." *Tuscany Grove Ass'n*, 311 Mich App at 393.

MCL 559.206(b) of the Condominium Act provides:

> In a proceeding arising because of an alleged default by a co-owner, the association of co-owners or the co-owner, if successful, shall recover the costs of the proceeding and reasonable attorney fees, as determined by the court, *to the extent the condominium documents expressly so provide*. [(Emphasis added).]

The condominium documents governing this dispute—the CVA's Bylaws—expressly allow for the recovery of attorney fees and costs, using language drawn from the Condominium Act. Article XIX, Section 2 of the Bylaws states:

> In *any proceeding* arising because of an alleged default by any Co-owner, the Association, if successful, shall be entitled to recover the costs of the proceeding and such reasonable attorney fees (not limited to statutory fees) as may be determined by the court, but in no event shall any Co-owner be entitled to recover such attorney fees. [(Emphasis added).]

Regarding the award of attorney fees, Michigan follows the "American Rule," which states that "attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed*, 265 Mich App at 164 (quotation marks omitted). "Parties can contract for the payment of attorney fees, and contractual provisions

---

[1] The CVA did not waive this issue for our review. "A waiver consists of the intentional relinquishment or abandonment of a known right." *Patel v Patel*, 324 Mich App 631, 634; 922 NW2d 647 (2018). Before entry of the final judgment, the parties indicated in their filings that they had stipulated to a settlement of all issues except for attorney fees owed, and that the issue of attorney fees was left for judicial adjudication. The CVA also objected to the Tuers's proposed judgment and requested that the trial court place the reasoning for its $8,000 attorney fee determination on the record. The CVA did not affirmatively express agreement with the amount or reasonableness of the award. Rather, its objection was necessary to provide a record of the trial court's rationale for this appeal.

for the payment of reasonable attorney fees are judicially enforceable." *Talmer Bank & Trust v Parikh*, 304 Mich App 373, 403; 848 NW2d 408 (2014), vacated in part on other grounds 497 Mich 857 (2014). Furthermore, "[a] contractual provision for reasonable attorney fees in enforcing provisions of [a] contract may validly include allowance for services rendered upon appeal." *Id*. (quotation marks and citation omitted; second alteration in original).

The trial court erroneously determined that the CVA could recover attorney fees for only a portion of the proceedings in this litigation. The trial court gave no legal basis for its rationale, and the Tuers provide none on appeal. The CVA was entitled to recover fees and costs for *all* aspects of the proceedings. MCL 559.206(b) provides that the CVA shall recover attorney fees and costs according to the relevant condominium documents, and the Bylaws expressly provide that the CVA may recover the fees and costs for *any proceeding* arising from an alleged bylaw violation. "Proceeding" includes an appeal from a lower court decision. See *Black's Law Dictionary* (11th ed) (defining "proceeding" as "all the steps taken or measures adopted in the prosecution or defense of an action," such as "the taking of the appeal or writ of error"). By using the phrase "*any* proceeding," the Bylaws unambiguously authorize the recovery of attorney fees and costs incurred pursuing an appeal "arising because of an alleged default by any Co-owner." The allowable recovery under the Bylaws also includes the attorney fees incurred during the parties' subsequent litigation leading to the settlement agreement. By concluding otherwise, the trial court erroneously restricted the CVA's ability to obtain reasonable attorney fees and costs that the Bylaws plainly authorized.

Further, the trial court's rationale improperly punishes the CVA for pursuing its rights on appeal. Before the CVA's first appeal, the parties had engaged in settlement discussions, and the Tuers had offered to cure the alleged bylaw violations without conceding any wrongdoing. However, the parties were unable to reach a settlement because they could not agree on attorney fees or costs, and the CVA had no obligation to accept a settlement that did not meet its full desires. It is immaterial to the determination of attorney fees that the parties had agreed before the first appeal on every issue except attorney fees and costs. See *Lavene v Winnebago Indus*, 266 Mich App 470, 472, 480-481; 702 NW2d 652 (2005) (holding that attorney fees, including appellate fees, could be awarded to the plaintiffs in the context of a settlement agreement in which the parties agreed to every other issue except the attorney fees). Therefore, the trial court's ruling limiting the award of attorney fees to only the litigation before the first appeal would have a chilling effect on parties who choose to litigate rather than accept a less favorable settlement offer.

Also, this case was initially *dismissed* by the trial court, and it was the CVA's appeal that resulted in a decision in its favor and a reversal. See *Copperfield Villas Ass'n*, unpub op at 1. The trial court's decision erroneously dismissed the CVA's complaint on the basis that the CVA failed to secure approval of a majority of the condominium co-owners before filing suit, when no such requirement applied to bylaw enforcement actions. Had the CVA declined to pursue an appeal of this order, it could have had adverse future consequences for the CVA's bylaw enforcement authority. As the CVA explains, the trial court's decision "if left unchallenged, would serve as precedent (within the Association at least) undermining the Association's ability to enforce its Bylaws without holding a Co-owner vote." By filing an appeal, the CVA was protecting and litigating its rights. Accordingly, the CVA had every reason to seek an appeal and incur additional costs in order to avoid such a result.

The Tuers's primary argument is that, because the alleged violation issues were *settled* between the parties, the CVA was not "successful" for purposes of either MCL 559.206(b) or the Bylaws. In other words, according to the Tuers, a party cannot be successful when they settle and the other party does not admit culpability. As an initial matter, the Tuers's argument is internally inconsistent. If the CVA was truly not "successful" in its bylaw enforcement action, then it would not have been entitled to any attorney fees and costs under the Condominium Act or the Bylaws. However, the Tuers do not challenge the trial court's award of $8,000 in attorney fees and costs.

Regardless, the Tuers's argument that the CVA was not "successful" lacks merit. The term "successful" is undefined by both the Condominium Act and the Bylaws. Therefore, we may consult a dictionary for both the statute, *In re Erwin Estate*, 503 Mich 1, 9-10; 921 NW2d 308 (2018), and the bylaws, see *Hastings Mut Ins Co v Safety King, Inc*, 286 Mich App 287, 294; 778 NW2d 275 (2009). "Successful" can be defined as "resulting or terminating in success" or "gaining or having gained success." *Merriam-Webster's Collegiate Dictionary* (11th ed). "Success" can be defined as a "favorable or desired outcome." *Id*. Therefore, in order for the CVA to be "successful," the settlement must have resulted in a favorable or desired outcome.

The factual record demonstrates that the CVA obtained a favorable or desired outcome. The CVA sought an injunction against the Tuers for various alleged violations of the Bylaws, including "failing to weed and maintain the lawn, parking their vehicles on the lawn, placing stones or gravel and a wooden curb on a common area, and without prior approval constructing a fenced-in dog kennel, expanding their driveway, and installing a parking lot." See *Copperfield Villas Ass'n*, unpub op at 1. An examination of the final order shows that, except for the dog kennel, each of these concerns was addressed and resolved in the CVA's favor. The CVA obtained a favorable or desirable outcome because it generally secured the relief that it sought in its complaint. The trial court's final judgment even provided in part, "MCL 559.206(b) requires the recovery of reasonable attorney fees, as determined by the Court, when as here *Plaintiff is successful*." (Emphasis added.) Therefore, the CVA was "successful" in this lawsuit and is entitled to recover reasonable attorney fees and costs under MCL 559.206(b) and the association Bylaws. See *Windemere Commons I Ass'n v O'Brien*, 269 Mich App 681, 684; 713 NW2d 814 (2006).

In sum, the trial court erred by determining that the CVA was only entitled to attorney fees and costs incurred before the first appeal. The Bylaws allow the CVA to recover reasonable attorney fees and costs incurred in *any proceeding* to resolve the Tuers's alleged bylaw violations. Accordingly, we reverse and remand this matter to the trial court for a determination of the reasonable attorney fees and costs owed to the CVA. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ David H. Sawyer
/s/ Kristina Robinson Garrett