*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JAMES M. PERNA,

Plaintiff-Appellant,

v

HEALTH ONE CREDIT UNION,

Defendant-Appellee.

UNPUBLISHED
September 28, 2023

No. 362472
Macomb Circuit Court
LC No. 2021-003993-CZ

Before: SHAPIRO, P.J., and M.J. KELLY and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right the order granting summary disposition under MCR 2.116(C)(4) (lack of subject-matter jurisdiction) to the National Credit Union Administration Board (the Board), acting in its capacity as liquidating agent for defendant in an action seeking to confirm an arbitration award. On appeal, plaintiff argues the trial court erred by finding that, under a federal statute, it lacked subject-matter jurisdiction because: (1) plaintiff could not have properly submitted his claims under the administrative framework since his employment agreement required he arbitrate it first; (2) plaintiff's claims concerned state arbitration law only, which gives trial courts the authority to confirm arbitration awards; and (3) state court jurisdiction is governed by state law. We affirm.

## I. BACKGROUND

Defendant was a federally-insured, Michigan-chartered credit union, which employed plaintiff as general manager and chief operating officer. At all relevant times, plaintiff had an employment agreement with defendant that provided for a severance payment if his employment was terminated without cause. On May 16, 2014, the Michigan Department of Insurance and Financial Services (DIFS), determined that defendant was operating in an "unsafe and unsound condition" and placed it under a conservatorship in order to preserve its assets. The DIFS appointed the Board, a federal entity, as conservator. On the same day, the Board repudiated plaintiff's employment agreement and terminated his employment under the authority granted to it by the Michigan Credit Union Act (MCUA), MCL 490.101 *et seq.*, and the Federal Credit Union Act (FCUA), 12 USC 1751, *et seq.*

-1-

On December 12, 2014, the Ingham Circuit Court found that defendant was in imminent danger of becoming insolvent and ordered the simultaneous termination of the Board's conservatorship and its appointment as receiver. The Board accepted the appointment and then appointed itself as defendant's "liquidating agent" under 12 USC 1787, which triggered the exclusive framework under the FCUA "through which creditors must pursue their claims against covered defunct credit unions." *Perna v Health One Credit Union*, 983 F 3d 258, 269 (CA 6, 2020).

On May 14, 2015, plaintiff submitted an administrative claim to the Board pursuant to 12 USC 1787 for paid time off, wages, and benefits for the balance of his contract. The Board rejected plaintiff's claim as untimely, stating that the deadline for filing claims was specified as March 23, 2015, in a published notice. Plaintiff requested reconsideration, asserting that he was not mailed notice of the claim deadline. The Board denied reconsideration, determining that plaintiff, as a member of the credit union, received actual notice of the appointment of a liquidating agent.

Plaintiff also filed a claim with the Michigan Department of Licensing and Regulatory Affairs (LARA) for unpaid benefits and expenses. In July 2015, LARA dismissed plaintiff's claim, finding its ability to resolve the claim was preempted by the arbitration provision in the employment agreement. Nearly three years later, in April 2018, plaintiff filed a demand for arbitration with the American Arbitration Association. Defendant and the Board refused to participate in the arbitration on the basis that the Board repudiated the employment agreement under federal law. After a hearing in which only plaintiff participated, the appointed arbitrator issued an opinion awarding plaintiff unpaid wages and benefits, but found that the Board was not liable because it was not a party to the employment agreement.

In November 2018, plaintiff filed an action in Macomb Circuit Court to enforce the arbitration award and to modify it to make the Board liable. The Board removed the case to the United States District Court for the Eastern District of Michigan, which issued a decision granting summary judgment to defendant because the FCUA precluded the enforcement of the arbitration agreement.[1]

Plaintiff appealed to the United States Court of Appeals for the Sixth Circuit, which affirmed, but clarified that the federal district court should have dismissed the claim for lack of subject-matter jurisdiction. *Perna*, 983 F3d at 265. After thoroughly reviewing the pertinent provisions of the MCUA and FCUA, *id*. at 265-266, the Sixth Court held that plaintiff's claims fell exclusively under the claims-processing framework in the FCUA, which "divests *all courts* of jurisdiction over claims involving assets of covered credit unions." *Id*. at 269-271 (emphasis added). Regarding plaintiff's denied administrative claim to the Board, the Sixth Circuit found plaintiff "could have requested administrative review or filed suit within 60 days," under the FCUA framework, but did not. *Id*. at 270. Because plaintiff did not pursue either path, he had no further option for review of his claims. *Id*. at 271. Additionally, the Sixth Circuit concluded that

---

[1] *Perna v Health One Credit Union*, opinion of the United Stated District Court for the Eastern District of Michigan, issued July 15, 2019 (Case No. 19-cv-10001), p 1.

remand to the trial court would be futile because its "finding that the district court lacks jurisdiction also means that the state court does too." *Id*. at 273.

Plaintiff filed his current lawsuit in October 2021, again requesting confirmation of the arbitration award and modification of the award to make the Board liable. The Board, acting as liquidating agent for defendant, moved for summary disposition under MCR 2.116(C)(4), arguing that the trial court lacked subject-matter jurisdiction over plaintiff's claims because, under the FCUA, claims concerning assets of a defunct credit union are not within the jurisdiction of any court and must be pursued within the FCUA review framework. The Board also argued that the instant suit was barred by res judicata. Plaintiff argued that the state trial court had jurisdiction to enforce the arbitration award because it was purely a matter of state contract law. Plaintiff also contended that his claim was not ripe within the time frame he was supposed to submit his administrative claim to the Board because he was contractually required to resolve questions of fact concerning his claims through arbitration.

In its opinion and order, the trial court determined that the Sixth Circuit's decision in *Perna*, 983 F3d at 265, was not binding under the principle of res judicata. The trial court concluded that a dismissal for lack of subject-matter jurisdiction was not an adjudication on the merits, as required for res judicata. Nonetheless, the trial court found that the Sixth Circuit's reasoning was instructive, determining that defendant was governed by the FCUA, and that "[t]he Act divests all courts of jurisdiction over claims involving the assets of covered credit unions when the claims are brought outside its exclusive framework." The trial court explained:

> [Plaintiff] failed to file for administrative review or bring suit on his claim within 60 days after the [Board] denied it. 12 USC § 1787(b)(6). . . . Because he did not seek recovery within the allotted time and procedures, his "claim shall be deemed to be disallowed . . . as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 USC § l787(b)(6). Though [plaintiff] now asserts the Act does not apply and state law controls, he asserted a claim to the [Board] pursuant to the Act in May 2015. Also, many provisions within the Act distinguish between an insured state-chartered credit union and one that is federally insured, and thereby governed by the Act, like Health One. *Perna*, 983 F3d at 271.

Accordingly, the trial court concluded that it lacked subject-matter jurisdiction and granted summary disposition to the Board under MCR 2.116(C)(4). This appeal followed.

## II. ANALYSIS

The trial court correctly determined that it lacked subject-matter jurisdiction over plaintiff's request for confirmation of his arbitration award because the FCUA preempts state law and strips any court of jurisdiction of his claim.[2]

The Uniform Arbitration Act, MCL 691.1681 *et seq*., governs agreements to arbitrate, MCL 691.1683(1), and provides a prevailing party to an arbitration proceeding "may move the [circuit] court for an order confirming the award at which time the court shall issue a confirming order unless the award is modified or corrected . . . or is vacated . . . ," MCL 691.1702. "An agreement to arbitrate that provides for arbitration in this state confers exclusive jurisdiction on the [circuit] court to enter judgment on an award . . . ." MCL 691.1706(2). Judicial enforcement and review of arbitration agreements are governed by MCR 3.602. MCR 3.602(A); *Brucker v McKinlay Transp*, *Inc*, 454 Mich 8, 18; 557 NW2d 536 (1997); *Nordlund & Assocs*, *Inc v Village of Hesperia*, 288 Mich App 222, 227; 792 NW2d 59 (2010). Plaintiff filed his complaint under MCR 3.602(I), which states: "A party may move for confirmation of an arbitration award within one year after the award was rendered. The court may confirm the award, unless it is vacated, corrected, or modified, or a decision is postponed, as provided in this rule." MCR 3.602(I). MCR 3.602(L) states: "The court shall render judgment giving effect to the award as corrected, confirmed, or modified. The judgment has the same force and effect, and may be enforced in the same manner, as other judgments."

An agreement to arbitrate under the Uniform Arbitration Act is valid, enforceable, and irrevocable, except "on a ground that exists at law or in equity for the revocation of a contract." MCL 691.1686(1). Section 1787(c) of the FCUA directly addresses contracts entered into by a credit union before the appointment of a conservator or a liquidating agent. In pertinent part, 12 USC 1787(c) states:

---

[2] Summary disposition is granted under MCR 2.116(C)(4) if "[t]he court lacks jurisdiction over the subject matter." MCR 2.116(C)(4). "Jurisdictional questions under MCR 2.116(C)(4) are questions of law that are . . . reviewed de novo." *Travelers Ins Co v Detroit Edison Co*, 465 Mich 185, 205; 631 NW2d 733 (2001). "In considering a motion challenging jurisdiction under MCR 2.116(C)(4), a court must determine whether the affidavits, together with the pleadings, depositions, admissions, and documentary evidence, demonstrate that the court lacks subject matter jurisdiction." *CC Mid West, Inc v McDougall*, 470 Mich 878, 878; 683 NW2d 142 (2004). We also review de novo whether the trial court properly interpreted relevant statutes. *Makowski v Governor*, 317 Mich App 434, 441; 894 NW2d 753 (2016).

We note that in his appellate reply brief, plaintiff contends that defendant failed to provide the statutorily required notice under the FCUA of the deadline to file a claim. Though this argument was raised when the Board denied plaintiff's claim, it was not raised before the trial court. Because this issue is unpreserved, it is waived by plaintiff, and this Court need not address this claim of error. See *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 5.

-4-

(1) Authority to repudiate contracts

In addition to any other rights a conservator or liquidating agent may have, the conservator or liquidating agent for any insured credit union may disaffirm or repudiate any contract or lease—

(A) to which such credit union is a party;

(B) the performance of which the conservator or liquidating agent, in the conservator's or liquidating agent's discretion, determines to be burdensome; and

(C) the disaffirmance or repudiation of which the conservator or liquidating agent determines, in the conservator's or liquidating agent's discretion, will promote the orderly administration of the credit union's affairs. [12 USC 1787(c)(1).]

In its letter terminating plaintiff's employment on May 16, 2014, the Board stated:

To the extent that an employment contract between you and [defendant] exists, the Conservator has determined that continuation of such a contract would be burdensome and would hinder the orderly administration of the affairs of [defendant]. . . . Accordingly, this letter serves as notice that any employment agreement you may have with [defendant], formal or informal, is herby [sic] repudiated . . . .

This repudiation was within the Board's authority as conservator set out in 12 USC 1787(c)(1).

The Supremacy Clause of the United States Constitution states:

This Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . , shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding. [US Const, Art VI, cl 2.]

Preemption of state law by federal law requires the existence of one of the following conditions:

(1) when a federal statute contains a clear preemption provision; (2) when there is outright or actual conflict between federal and state law; (3) where compliance with both federal and state law is in effect physically impossible; (4) where there is implicit in federal law a barrier to state regulation; (5) where Congress has legislated comprehensively, thus occupying an entire field of regulation and leaving no room for the states to supplement federal law; or (6) where the state law stands as an obstacle to the accomplishment and execution of the full objectives of Congress. [*Lavene v Volkswagen of America, Inc (Winnebago Industries)*, 266 Mich App 470, 478; 702 NW2d 652 (2005).]

A Michigan court "judgment giving effect to [an] award," MCR 3.602(L), resulting from arbitration, required only by a contract that was repudiated under 12 USC 1787(c)(1) before the

arbitration attempt, would "stand[] as an obstacle to the accomplishment and execution of the full objectives of Congress" in enacting the FCUA. *Lavene*, 266 Mich App at 478. In this circumstance, the FCUA preempts both Michigan arbitration law and LARA's determination there was a "contractual consent to pursue grievance matters through [arbitration]."

Next, 12 USC 1787(b) of the FCUA details the powers and duties of the Board acting as a conservator or liquidating agent. In pertinent part, 12 USC 1787(b) states:

(6) Provisions for agency review or judicial determination of claims

(A) In general

Before the end of the 60-day period beginning on the earlier of—

(*i*) the end of the period described in paragraph (5)(A)(*i*) with respect to any claim against a credit union for which the Board is liquidating agent; or

(*ii*) the date of any notice of disallowance of such claim pursuant to paragraph (5)(A)(*i*),

the claimant may request administrative review of the claim in accordance with subparagraph (A) or (B) of paragraph (7) or file suit on such claim (or continue an action commenced before the appointment of the liquidating agent) in the district or territorial court of the United States for the district within which the credit union's principal place of business is located . . . (and such court shall have jurisdiction to hear such claim).

(B) Statute of limitations

If any claimant fails to—

(*i*) request administrative review of any claim in accordance with subparagraph (A) or (B) of paragraph (7); or

(*ii*) file suit on such claim (or continue an action commenced before the appointment of the liquidating agent),

before the end of the 60-day period described in subparagraph (A), the claim shall be deemed to be disallowed (other than any portion of such claim which was allowed by the liquidating agent) as of the end of such period, such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim.

(7) Review of claims

(A) Administrative hearing

If any claimant requests review under this subparagraph in lieu of filing or continuing any action under paragraph (6) and the Board agrees to such request, the Board shall consider the claim after opportunity for a hearing on the record. The final determination of the Board with respect to such claim shall be subject to judicial review under chapter 7 of Title 5.

\* \* \*

(13) Additional rights and duties

\* \* \*

(D) Limitation on judicial review

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(*i*) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent, including assets which the Board may acquire from itself as such liquidating agent; or

(*ii*) any claim relating to any act or omission of such credit union or the Board as liquidating agent. [12 USC 1787(b)(6), 12 USC 1787(b)(7)(A), 12 USC 1787(b)(13)(D).]

Thus, the FCUA mandates an administrative framework for pursuit of claims against liquidated credit unions, and strips courts of jurisdiction except when a suit is filed in federal district court within 60 days of the Board's denial of a claim. In response to these provisions, plaintiff cites MCL 600.605, which states: "Circuit courts have original jurisdiction to hear and determine all civil claims and remedies, except where exclusive jurisdiction is given in the constitution or by statute to some other court or where the circuit courts are denied jurisdiction by the constitution or statutes of this state." However, the Michigan Constitution broadens this statement, establishing that MCL 600.605 is not immune to the Supremacy Clause of the United States Constitution: "The circuit court shall have original jurisdiction in all matters not prohibited by law." Const 1963, art 6, § 13; see also *Office Planning Group, Inc v Baraga-Houghton-Keweenaw Child Dev Bd*, 472 Mich 479, 493; 697 NW2d 871 (2005), quoting *Tafflin v Levitt*, 493 US 455, 458; 110 S Ct 792; 107 L Ed 2d 887 (1990) ("State courts possess sovereignty concurrent with that of the federal government, 'subject only to limitations imposed by the Supremacy Clause.' ").

The FCUA's explicit limitation on judicial review under 12 USC 1787(b)(13)(D)[3] preempts Michigan law granting jurisdiction to the trial court because circuit court jurisdiction

---

[3] Again, 12 USC 1787(b)(13)(D) governs limitations on judicial review, stating:

would "stand[] as an obstacle to the accomplishment and execution of the full objectives of Congress[,]" *Laverne*, 266 Mich App at 478, in enacting the FCUA. Plaintiff submitted a claim to the Board on May 14, 2015. The Board rejected Perna's claim as untimely on November 20, 2015. Plaintiff requested reconsideration, which the Board denied on December 9, 2015. Plaintiff did not file his first lawsuit until nearly three years later, on November 17, 2018, and then, it was an action in state court to confirm an arbitration award, not in federal court to appeal the Board's denial of his claim.

The FCUA provides for agency review or judicial determination in federal district court within 60 days of a claim disallowance by the Board. 12 USC 1787(b)(6)(A). The FCUA goes on to state: "If any claimant fails to," pursue either method of review within the 60-day window, "the claim shall be deemed to be disallowed . . . , such disallowance shall be final, and the claimant shall have no further rights or remedies with respect to such claim." 12 USC 1787(b)(6)(B). Any argument plaintiff makes now regarding a lack of notice of the claim deadline required pursuit under the review of claim disallowance framework established by the FCUA in 12 USC 1787(b)(6). Because plaintiff failed to do so, these arguments and the associated claim are disallowed with finality, "and the claimant shall have no further rights or remedies with respect to such claim." 12 USC 1787(b)(6)(B)(*ii*).

Finally, plaintiff argues that his claim was not ripe during the time frame when the Board and the FCUA required claim submittal.[4] In support of this argument, plaintiff cites our Supreme

---

Except as otherwise provided in this subsection, no court shall have jurisdiction over—

(*i*) any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any credit union for which the Board has been appointed liquidating agent, including assets which the Board may acquire from itself as such liquidating agent, or

(*ii*) Any claim relating to any act or omission of such credit union or the Board as liquidating agent.

[4] This argument was not presented to the Sixth Circuit, which unequivocally held that plaintiff's claim fell within the FCUA's "jurisdiction-stripping provision," reasoning in part:

The provision's first clause fits Perna's suit like a glove. [12 USC 1787(b)(13)(D)(*i*)]. Was the Board "appointed liquidating agent" of Health One? Yes, it was appointed in December 2014. Is Perna's suit an "action for payment from" the "assets" of Health One? Yes, Perna alleges that Health One owes him $315,645.02 in severance pay and related damages because it breached his contract by firing him. And Perna sued the National Credit Union Administration because it took title to the Health One assets that he seeks. [*Perna*, 983 F3d at 270 (some citations omitted).]

Court's definition of the word "claim" as the aggregate of operative facts giving rise to a right enforceable by a court, *CAM Constr v Lake Edgewood Condo Ass'n*, 465 Mich 549, 554; 640 NW2d 256 (2002), contending the operative facts were not determined until arbitration concluded. However, plaintiff ignores the principle that a party need not know all facts necessary to prove their claims before filing, *Doe v Roman Catholic Archbishop of the Archdiocese of Detroit*, 264 Mich App 632, 643; 692 NW2d 398 (2004), and misrepresents ripeness as a doctrine that somehow requires complete factual determination before filing. Further, a claim lacks ripeness not by containing unresolved factual issues, but when "it rests upon contingent future events that may not occur as anticipated, or may not occur at all." *Citizens Protecting Michigan's Constitution v Secretary of State*, 280 Mich App 273, 282; 761 NW2d 210 (2008). Plaintiff's ripeness argument is a misstatement of the law and fails to support his contention the trial court erred in determining it lacked subject-matter jurisdiction.

## III. CONCLUSION

The trial court correctly determined that it lacked subject-matter jurisdiction over plaintiff's request for confirmation of his arbitration award because the FCUA preempts state law by precluding the state trial court from exercising jurisdiction of his claim. Affirmed.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly
/s/ Thomas C. Cameron