*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAC,

      Petitioner-Appellee,

v

GLS,

      Respondent-Appellant.

FOR PUBLICATION
July 25, 2024
9:10 a.m.

No. 365120
Kent Circuit Court
LC No. 21-006727-PP

Before: RICK, P.J., and JANSEN and LETICA, JJ.

RICK, P.J.

Respondent appeals by delayed leave granted[1] an order granting petitioner's request for attorney fees. Respondent argues on appeal that the trial court abused its discretion by ordering him to pay petitioner's attorney fees after he was found in contempt for violating a personal protection order (PPO). We reverse.

## I. FACTUAL BACKGROUND

This action arises out of a lengthy proceeding involving the violation of a PPO that petitioner filed against respondent, with whom she had been in a relationship. Respondent had attempted to forcibly remove petitioner's wedding rings from her finger during a violent argument. Relevant to this appeal, respondent pleaded no contest to violating the PPO in March 2022. On the basis of respondent's plea, the trial court entered an order sentencing respondent to 30 days in jail, with 25 days held in abeyance. Following the entry of the sentencing order, petitioner filed a petition for attorney fees and argued that she was entitled to such fees under MCR 3.206(D)(2)(b). Petitioner cited unpublished opinions from this Court to support the petition, as well as a summary of attorney fees for services by petitioner's counsel to address respondent's violation of the PPO.

---

[1] *LAC v GLS*, unpublished order of the Court of Appeals, entered July 12, 2023 (Docket No. 365120).

Respondent objected to the petition for attorney fees and argued that MCR 3.206(D)(2)(b) did not apply to the case. Respondent explained that the cases cited by petitioner were civil cases in which attorney fees were granted for frivolous filings in divorce proceedings, breach of settlement agreements, and violation of civil orders. As a criminal or quasi-criminal case, respondent was subject to the criminal-contempt powers of the court if found guilty. Respondent argued that this Court has distinguished criminal contempt from civil contempt, and there are no separate sanctions in criminal-contempt cases. Further, according to respondent, MCR 3.708(H)(5)(a) and MCL 600.2591(23) provide the punishment for criminal contempt, and neither mention the award of attorney fees.

Respondent also noted that although MCR 3.708(G) stated that the prosecution for criminal contempt shall be by the prosecutor unless the petitioner retains her own representation, and thus that choice of hiring private counsel, which petitioner did in this case, should not create an additional sanction on respondent. Respondent explained that permitting the award of attorney fees would create an incentive for petitioners to hire outside counsel. Respondent also argued that this Court has held that the sanctions for criminal contempt are exclusive of the statutory sanctions referred to for civil contempt, so criminal-contempt sanctions did not include the indemnification provisions in MCL 600.1721. Finally, respondent argued that, if the court awarded attorney fees, petitioner's request for $12,000 was excessive.

The trial court ultimately entered an opinion and order granting petitioner's request for attorney fees. In total, it awarded petitioner $8,250 in attorney fees. In its order granting petitioner's request for attorney fees, the court stated that it could not find any published opinions in which this Court held that attorney fees may be awarded in a criminal-contempt proceeding that involved a violation of a PPO. However, the trial court was persuaded that the holding in *O'Connor v Valcaniant*, unpublished per curiam opinion of the Court of Appeals, issued September 20, 2012 (Docket Nos. 306254 and 306258), supported petitioner's request. The trial court explained that in *O'Connor*, a panel of this Court affirmed an award of attorney fees in a criminal-contempt case involving a nondomestic PPO under MCR 3.708(H)(5), MCL 600.1715, and MCL 600.1721. The trial court noted an apparent conflict between an award of attorney fees for criminal contempt under MCL 600.1721, which does not make a distinction between civil and criminal contempt, and MCR 3.708(H)(5). MCR 3.708(H)(5)(a) provides that a person found guilty of criminal contempt may be fined up to $500 and jailed for up to 93 days, whereas MCR 3.708(H)(5)(b) states that a court may impose a fine or imprisonment for civil contempt as set forth in MCL 600.1715 and MCL 600.1712. However, the trial court agreed with the *O'Connor* panel's holding that a trial court has the discretion to award attorney fees in cases involving the criminal violation of a PPO. Further, the trial court also cited MCR 3.206(D)(2)(b), which allows courts to award attorney fees in domestic-relations cases that involve a party's failure to comply with a court order.

The trial court also observed that petitioner claimed attorney fees arising out of respondent's decision to hire new counsel; that the prosecutor refused to prosecute respondent's PPO violation, which required petitioner to hire her own counsel to prosecute the violation; and that respondent pleaded no contest to the PPO violation, which amounted to an admission that he violated the PPO. On the basis of the totality of circumstances, the trial court ruled that petitioner should be awarded reasonable attorney fees.

Respondent thereafter filed a claim of appeal with this Court. This Court dismissed the appeal for lack of jurisdiction because the order granting attorney fees was not appealable by right in a PPO case. *LAC v GLS*, unpublished order of the Court of Appeals, entered September 27, 2022 (Docket No. 363045). Respondent then filed a delayed application for leave to appeal, which was granted. *LAC v GLS*, unpublished order of the Court of Appeals, entered July 12, 2023 (Docket No. 365120).

## II. ANALYSIS

Respondent argues that the trial court erred when it ruled that attorney fees may be awarded in a criminal contempt proceeding for violation of a PPO. We agree.

"This Court reviews for an abuse of discretion a trial court's decision whether to award attorney fees and a determination of the reasonableness of those fees." *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 38; 972 NW2d 282, 289 (2021). If the award of attorney fees involves underlying questions of law, then this Court reviews those questions de novo. See *id*.

"Two different statutes, MCL 600.2950 and MCL 600.2950a, provide for three types of PPOs in Michigan." *TM v MZ*, 501 Mich 312, 315; 916 NW2d 473 (2018). Domestic-relationship PPOs are governed by MCL 600.2950. *Id*. Here, petitioner sought a PPO after respondent attacked her during an argument and attempted to force her wedding rings off of her finger. Because petitioner and respondent were in a relationship at the time, petitioner sought the PPO under MCL 600.2950, rather than under MCL 600.2950a. The trial court issued the PPO pursuant to MCL 600.2950. Further, when the trial court sentenced respondent, it cited MCL 600.2950 as the basis for its sentence.

"Michigan follows the 'American rule' with respect to the payment of attorney fees and costs." *Haliw v City of Sterling Heights*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the 'American rule,' attorney fees are not recoverable as an element of costs or damages unless expressly allowed by statute, court rule, common-law exception, or contract." *Reed v Reed*, 265 Mich App 131, 164; 693 NW2d 825 (2005). "In Michigan, a court cannot impose penalties or costs in a criminal case unless specifically authorized by statute." *In re Killich*, 319 Mich App 331, 336; 900 NW2d 692 (2017). Here, respondent pleaded no contest to violating the PPO. The court imposed a jail sentence, but did not impose any fines. The court's sentence complied with MCL 600.2950(23), which provides:

> An individual who is 17 years of age or older and who refuses or fails to comply with a personal protection order under this section is subject to the criminal contempt powers of the court and, if found guilty, must be imprisoned for not more than 93 days and may be fined not more than $500.00.

MCR 3.708(H)(5) echoes the statute and provides:

> (a) If the respondent pleads or is found guilty of criminal contempt, the court shall impose a sentence of incarceration for no more than 93 days and may impose a fine of not more than $500.00.

Neither statute nor court rule provide an avenue for the assessment of attorney fees. Instead, the trial court ruled that MCR 3.206(D)(2)(b) permitted it to award attorney fees to petitioner. MCR 3.200 *et seq.* applies to

> (1) actions for divorce, separate maintenance, the annulment of marriage, the affirmation of marriage, paternity, support under MCL 552.451 *et seq.* or MCL 722.1 *et seq.*, the custody of minors or parenting time under MCL 722.21 *et seq.* or MCL 722.1101 *et seq.*,

> (2) an expedited proceeding to determine paternity or child support under MCL 722.1491 *et seq.*, or to register a foreign judgment or order under MCL 552.2101 *et seq.* or MCL 722.1101 *et seq.*, and to

> (3) proceedings that are ancillary or subsequent to the actions listed in subrules (A)(1) and (A)(2) and that relate to

> (a) the custody of minors,

> (b) parenting time with minors, or

> (c) the support of minors and spouses or former spouses. [MCR 3.201(A).]

MCR 3.206(D)(2)(b) states that a court has discretion to assess attorney fees if the "fees and expenses were incurred because the other party refused to comply with a previous court order, despite having the ability to comply, or engaged in discovery practices in violation of these rules." However, this case did not involve divorce, separate maintenance, an affirmation of marriage, annulment, or paternity. Thus, under the plain language of MCR 3.201(A), the rules in Subchapter 3.200 do not apply to this action. The trial court's reliance on MCR 3.206(D)(2)(b) was therefore erroneous.

We additionally find this Court's unpublished opinion in *Eldridge v Eldridge*, unpublished per curiam opinion of the Court of Appeals, issued October 28, 2008 (Docket No. 278470), persuasive on this point.[2] In *Eldridge*, the trial court ruled that the respondent violated a PPO. *Id.* Along with a jail sentence, it ordered him to pay the petitioner's court costs, which were a direct consequence of his violation of the PPO. *Id.* On appeal, the respondent argued that the trial court erred when it awarded costs and attorney fees to the petitioner for her expenses in bringing the show-cause motion. *Id.* The panel noted that the trial court's order only compelled the respondent to pay costs and did not mention the payment of attorney fees. *Id.* It stated, therefore, that "it is not necessary to consider whether a trial court has the authority to award attorney fees in a case such as this." *Id.* However, the *Eldridge* panel also stated:

---

[2] We recognize that unpublished opinions have no precedential value under the rule of stare decisis, MCR 7.215(C)(1), but note that such opinions may be considered persuasive. *Paris Meadows, LLC v Kentwood*, 287 Mich App 136, 145 n 3; 783 NW2d 133 (2010).

Taxation of costs is generally not allowed absent authority flowing from a statute or court rule. *LaVene v Winnebago Industries*, 266 Mich App 470, 473; 702 NW2d 652 (2005). For criminal contempt, the sanctions are limited to a sentence of 93 days and a fine of $500, with no reference to the statutory sanctioning scheme. MCR 3.708(H)(5)(a). There is nothing in the sentencing scheme in MCR 3.708(H)(5) that expresses an abrogation of this general rule in the case of contempt as a result of a PPO violation. Moreover, the court rule distinguishes between the sentences available for criminal (subsection (a)) and civil (subsection (b)) contempt. In the case of civil contempt, the court rule explicitly adopts the sanctions provided in MCL 600.1715 and MCL 600.1721. MCR 3.708(H)(5)(b). The sanctions provided for criminal contempt are exclusive of the statutory sanctions referenced for civil contempt. See *Taylor v Currie*, 277 Mich App 85, 95-96, 743 NW2d 571 (2007) (expression of one thing is the exclusion of another). Therefore, criminal contempt sanctions under this rule do not include the indemnification provisions of MCL 600.1721. Accordingly, the court lacked authority in the court rules or statutes to tax a defendant for costs arising out of criminal contempt for violation of a PPO. [*Eldridge*, unpub op at 2-3 (citation omitted).]

For these reasons, the panel in *Eldridge* vacated the trial court's award of costs to the petitioner. *Id.* at 3.

Although the *Eldridge* panel did not specifically address an award of attorney fees, *Eldridge* nonetheless clearly addressed the costs or penalties a trial court may order when a respondent violates a PPO. The *Eldridge* panel ruled that MCR 3.708(H)(5) explicitly provides different punishments for criminal-contempt cases involving a PPO violation and civil-contempt cases involving a PPO violation, and concluded that only MCR 3.708(H)(5)(b) permitted the award of costs as set forth in MCL 600.1715 and MCL 600.1721 for civil contempt. *Eldridge*, unpub op at 3. We are persuaded that the same analysis applies to the question of whether attorney fees may be awarded in cases of criminal contempt. Both statute and court rule provide a specific punishment for a PPO violation that does *not* include the assessment of attorney fees. Accordingly, for all of the foregoing reasons, we conclude that the trial court erred by ordering respondent to pay petitioner's attorney fees.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Kathleen Jansen